THE STATE OF OHIO, APPELLEE, *v.* SELISKAR, APPELLANT.

[Cite as State v. Seliskar (1973), 35 Ohio St. 2d 95.]

(No. 72-723—Decided July 3, 1973.)

*Mr. Paul H. Mitrovich,* prosecuting attorney, and *Mr. Theodore R. Klammer,* for appellee.

*Messrs. Fisher & Russo,* for appellant.

*Per Curiam.* Appellant's single proposition of law reads:

"Where the evidence, exclusive of that provided by the defendant-appellant, raised the issue of self-defense, and the trial court refused to instruct the jury on that issue in the absence of defendant-appellant's testifying on his own behalf, such refusal by the trial court constitutes a violation of defendant-appellant's right to immunity

from self-incrimination as provided by the Fifth Amendment to the United States Constitution."

" 'Self defense in Ohio * * * is regarded as affirmative defense,' " to be established " 'by preponderating evidence.' " *State* v. *Johnson* (1972), 31 Ohio St. 2d 106, 120. See *State* v. *Poole* (1973), 33 Ohio St. 2d 18.

When the trial judge informed appellant that no instructions would be given on the issue of self-defense unless appellant testified, he stated that self-defense is an affirmative defense; that self-defense had not been established at that point.

Inasmuch as self-defense is an affirmative defense requiring proof by a preponderance of the evidence, it is incumbent upon a defendant claiming self-defense to offer evidence tending to establish that defense, including, if necessary, his own testimony. *State* v. *Champion* (1924), 109 Ohio St. 281. If a defendant cannot provide evidence on the issue of self-defense other than his own testimony, then, in order to avail himself of the defense, he must testify. In such event, the choice is that of the defendant, and, once he has decided to rely on self-defense and is required by the circumstances to testify in order to prove that defense, he necessarily must waive his constitutional right to remain silent.

As observed in *State* v. *Champion, supra,* the elements or self-defense can best be established by testimony of a defendant as no one is in better position than defendant to provide evidence to aid the jury in determining whether defendant's acts were justified.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CORRIGAN, STERN, CELEBREZZE, W. BROWN and P. BROWN, JJ., concur.