THE STATE OF OHIO, APPELLEE, *v.* ROGERS, APPELLANT.

(No. 74-762—Decided July 2, 1975.)

30

*Mr. John T. Corrigan*, prosecuting attorney, and *Mr. William T. Doyle, Jr.*, for appellee.

*Mr. James R. Willis*, for appellant.

WILLIAM B. BROWN, J.   The case for the defense portrays the evidence as a father's reactions to a vicious assault on his young son in the presence of his young daughter; a subsequent assault upon the son in his presence; resistance and escape by the arrestee during a citizen arrest and a shouted warning that the arrestee had a gun, all resulting in a homicide which was both excusable and justifiable because it was perpetrated in self-defense, while exercising the privilege of making a citizen arrest.

I

Inasmuch as self-defense is an affirmative defense, which must be established by a preponderance of the evidence (*State* v. *Seliskar* [1973], 35 Ohio St. 2d 95, 96), the doctrine of self-defense has no application to this case be-

cause the record is devoid of evidence that appellant, out of concern for his safety, intended to shoot the decedent (*State* v. *Champion* [1924], 109 Ohio St. 281), or that the decedent committed an overt act by which appellant could reasonably, and in good faith, believe that he was in imminent danger of death or great bodily harm (*Marts* v. *State* [1875], 26 Ohio St. 162, paragraph two of the syllabus). Rather, appellant testified that he was not trying to hit the decedent, and failed to present evidence that he feared assault from decedent. Both of those facts are inconsistent with, and negate the existence of, a homicide in self-defense.

## II

Three of six assignments of error filed in the Court of Appeals and four of five propositions of law filed in this court by appellant involve the trial court's refusal to submit proposed instructions to the jury on a citizen arrest defense and the portion of the court's charge which reads, "I charge you, as a matter of law, that no citizen arrest was made here even if one was intended."

Finding that the alleged error had not been preserved, the Court of Appeals refused to pass upon those three assignments of error. However, the prosecution has conceded in this court that timely objections were made by counsel for the defense, and we, therefore, turn our inquiry to the merits of that defense.

Under R. C. 2935.04,* appellant was authorized to arrest the decedent because he had reasonable cause to believe that a felony had been committed and that the decedent had committed it.

However, R. C. 2935.07 conditions that right to arrest upon the arrestee being first informed of the reason for and the intent to arrest, stating:

---

*R. C. 2935.04 reads:

"When a felony has been committed, or there is reasonable ground to believe that a felony has been committed, any person without a warrant may arrest another whom he has reasonable cause to believe is guilty of the offense, and detain him until a warrant can be obtained."

"When an arrest is made without a warrant by an *officer*, he shall inform the person *arrested* of such officer's authority to make the arrest and the cause of the arrest.

"When an arrest is made by a *private person*, he shall, *before making the arrest*, inform the person *to be arrested* of the intention to arrest him and the cause of the arrest.

"When a person is engaged in the commission of a criminal offense, it is not necessary to inform him of the cause of his arrest." (Emphasis added.)

Appellant concedes his total failure to advise the decedent of an intent to, or a cause for, arrest, but argues that those statutory conditions are not mandatory.

*State* v. *Lewis* (1893), 50 Ohio St. 179, illustrates the policy of this court to require strict compliance with the terms of a statute which authorizes arrest, and the rule of arrest embodied in the common law of this state would require that the arrestee be informed of the authority and of the charge upon which the arrest is made, *unless* the officer and the cause of arrest are *known* to the offender. *Wolf* v. *State* (1869), 19 Ohio St. 248. The court, in *Wolf*, said, at page 259, "[t]he object of the notice of the authority and of the charge upon which the arrest is made, is chiefly to give the party an opportunity to desist from his illegal conduct, and peaceably to surrender to the official authority. When both the official character of the party making the arrest, and the charge upon which it is made, are known to the party arrested, notice would be an idle form, and is not required, at least, without demand."

In light of the foregoing, this court holds that where authorized to make an arrest pursuant to R. C. 2935.04, a private person prior to attempting such arrest must inform the person to be arrested of the intention to arrest, and of the cause of the arrest, unless such cause is contemporaneous with the arrest.

Inasmuch as appellant's actions do not rise to the standard of attempting to effect a lawful arrest, the trial court's charge to the jury on citizen arrest was proper and free from error,

The defense of using reasonable force to effect a citizen arrest necessarily involves an allegation of excuse or justification, and is, therefore, an affirmative defense (R. C. 2901.05[C][2]) which places the burden of going forward with the evidence upon the accused (R. C. 2901.05[A]) to prove that issue by a preponderance of the evidence. See *State* v. *Seliskar, supra* (35 Ohio St. 2d 95).

Whether use of deadly force was reasonable under the circumstances, or is ever reasonable in attempting to effect a citizen arrest, are questions not presented herein.

### III

Appellant's final proposition of law reads: "Where the evidence presented in support of a criminal conviction fails to satisfy the due process standard of proof beyond a reasonable doubt, on appeal the conviction should be reversed."

Paragraph two of the syllabus in *State* v. *DeHass* (1967), 10 Ohio St. 2d 230, reads:

"A reviewing court may not reverse a judgment of conviction in a criminal case in a trial court, where the record shows that a verdict of guilty was returned by a jury on sufficient evidence and where no prejudicial error occurred in the actual trial of the case or in the instructions given the jury by the court."

This court finds that the record contains sufficient evidence to support the jury verdict, and in so doing, we affirm the judgment of the Court of Appeals.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, STERN and P. BROWN, JJ., concur.

CORRIGAN and CELEBREZZE, JJ., dissent.