THE STATE OF OHIO, APPELLEE, *v.* SMITH, APPELLANT.

(No. 7-75-6—Decided February 20, 1976.)

*Mr. Edmund G. Peper*, prosecuting attorney, and *Mr. James Donovan*, for appellee.
*Mr. N. Stevens Newcomer*, for appellant.

GUERNSEY, J. Defendant, having entered pleas of not guilty and not guilty by reason of insanity, was found guilty and sentenced by the Court of Common Pleas of Henry County in a trial to a three judge panel of the crime of aggravated murder (R. C. 2903.01). He appeals assigning as error that "the verdict of guilty rendered by the court was contrary to law and against the manifest weight of the evidence in that: (A) the prosecution failed to prove beyond a reasonable doubt that the appellant was not insane at the time of the killing after that affirmative defense had been properly raised and presented to the court; or in the al-

ternative; (B) the appellant proved by a preponderance of the evidence that he was legally insane at the time of the commission of the alleged act in that by reason of mental disease or defect he was unable to refrain from the commission of said act."

The first branch of defendant's assignment of error is based on the adoption by the legislature as a part of the Criminal Code which became effective on January 1, 1974, of the following provision of R. C. 2901.05:

"(A) Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof is upon the prosecution. The burden of going forward with the evidence of an affirmative defense is upon the accused."

The gist of defendant's argument is that by setting forth the burden of proof of the offense and the burden of going forward with evidence of an affirmative defense without setting forth the burden of proving such defense, *expressio unius est exclusio alterius*, the legislature intended to abolish the former common law burden of proof placed upon a defendant of proving the defense of not guilty by reason of insanity by a preponderance of the evidence and to place upon the prosecution, as part of its burden of proving the accused guilty beyond a reasonable doubt the burden of proving the defendant to have been sane at the time of the commission of the alleged crime. Defendant claims support for this view from two unpublished decisions of the Court of Appeals of Franklin County dealing with the burden of proving self-defense, specifically *State* v. *Matthews,* Franklin County Case No. 74AP-428, decided December 24, 1974, and *State* v. *Robinson,* Franklin County Case No. 75AP-130, decided August 26, 1975. See also *State* v. *Slone* (1975), 45 Ohio App. 2d 24. However, without making any observations as to whether we concur in that court's conclusions as to the affirmative defense of self-defense we note that in the case of *State* v. *Jackson,* Franklin County Case No. 75AP-277, decided December 4, 1975, the Franklin County Court of Appeals followed *State* v. *Staten* (1969), 18 Ohio St. 2d 13, and specifically

held that "the burden is upon the accused, establishing the defense of insanity, to establish by a preponderance of the evidence that disease or other defect of his mind has so impaired his reason that, at the time of the criminal act with which he is charged, either he did not know that such act was wrong or he did not have the ability to refrain from doing that act." It is, therefore, apparent that that court when the matter was actually at issue did not choose to apply the same rule to the affirmative defense of insanity as it did to the affirmative defense of self-defense. As to affirmative defenses generally see *State* v. *Rogers* (1975), 43 Ohio St. 2d 28, 33, citing *State* v. *Seliskar* (1973), 35 Ohio St. 2d 95.

R. C. 2901.05(A) does not purport to deal with the presumption of sanity which prevails in a criminal action unless the accused has established his insanity by a preponderance of the evidence. *State* v. *Staten* (1971), 25 Ohio St. 2d 107. Thus, with respect to proof of intent, when an element of a statutory crime, the state has no burden of proving the mental capacity to form the requisite intent, *i. e.*, sanity, because the presumption of sanity exists until overcome. *State* v. *Staten, supra,* follows with approval *State* v. *Staten* (1969), 18 Ohio St. 2d 13, *State* v. *Stewart* (1964), 176 Ohio St. 156, and *State* v. *Austin* (1905), 71 Ohio St. 317. In the latter case, the basic case in this series of cases, Judge Crew in an opinion unanimously concurred in summarizes the rule, page 323:

"Therefore, the burden being upon the defendant to show that he was insane at the time of the commission of the particular act charged, proof of mere temporary or recurrent insanity, such as is shown in this case, at a time prior thereto, is clearly not sufficient to rebut or overcome the legal presumption of his sanity and to impose upon the state the burden of proving that at the time the act was committed the defendant was then sane. The burden of proof does not shift but all along it rests with the defendant, and if in any case he would overcome the legal presumption of his sanity and would exonerate himself from liability he must show by a preponderance of the evi-

dence that at the time of the commission of the alleged criminal act he was *then* so far mentally deranged or unsound as not to be answerable or accountable for his act. While proof of prior insanity is competent, whether a mental condition shown to exist has continued down to the time of the commission of the alleged criminal act is solely a question of fact to be determined by the jury. And the defendant in a criminal case who sets up insanity as a defense does not relieve himself from showing his insanity at the very time of the commission of the criminal act, by proof merely that he was insane at an earlier time.''

The basic presumption is set forth in the second paragraph of the syllabus of that case as follows:

''The law presumes every person sane until the contrary is shown, and in a criminal case this presumption of sanity serves the state as the full equivalent of express proof until such time as it is made to appear by a preponderance of the evidence that the defendant was insane at the time of committing the crime alleged against him.''

See also *State* v. *Johnson* (1972), 31 Ohio St. 2d 106, and authorities cited therein.

It is our conclusion, therefore, that the legislature not having changed the common law rule as to the presumption of sanity, its enactment of R. C. 2901.05(A) did not relieve a defendant claiming the defense of insanity of the burden of proving such defense by a preponderance of the evidence.

The issue then becomes whether the defendant here proved by a preponderance of the evidence that he was insane at the time of committing the crime alleged against him. Bearing on this issue and admitted into evidence without objection of either party were records of the Department of Mental Health of the state of Illinois showing that the defendant was committed on or about August 16, 1966, suffering mental illness defined as schizophrenic reaction, paranoid type, that he was kept under medication for such illness and, having been found in a state of remission, was given an absolute discharge to the Cook County jail on April 7, 1970; the defendant's written statements

taken on January 20, 1974 within several hours after the alleged crime claiming that he shot the victim while under hypnosis having "no control over myself"; a torn up suicide statement written and signed by the defendant shortly before the alleged crime reading: "I'm going to commit suicide [sic] because I'm in under hypnosis an [sic] can not keep a job or provide for myself at all"; and partial records of the Lima State Hospital showing his commitment for observation on or about March 22, 1974, and psychiatric evalution of his being then psychotic (schizophrenic reaction, paranoid type). There was also expert testimony for the defendant of an experienced psychologist and of a psychiatrist who testified, in effect, that in their opinion the defendant was mentally ill at the time of the offense, that he had the capacity at that time to know the wrongfulness of his conduct, but that he could not refrain from such conduct.

Opposed to this evidence was the state's evidence including the testimony of a deputy sheriff who was the dispatcher in the sheriff's office of the telephone call received from the defendant immediately after the apparent time of the killing reporting same and of his calm and lucid conduct both in reporting same and in giving specific directions as to how to reach the scene; the testimony of the sheriff and another deputy as to the defendant's "normal" conduct on their arrival at the scene and of his actions and statements thereat; the testimony of the sheriff as to the defendant's demeanor and statements on arrival at the jail; and the testimony and written statement (included in the original papers) of the defense psychiatrist that upon his consultation with the defendant on January 24, 1975, he concluded that he was not psychotic merely suffering from an antisocial personality disorder and a menace to society, the explanation offered being that at that time the psychiatrist did not have available for his consideration either the records from Illinois and the Lima State Hospital or the defendant's written statements made to the sheriff on January 20th.

We therefore have conflicting evidence on the the is-

sue of insanity as well as matters of credibility. Although the psychologist's testimony was probably admissible (*Clark* v. *State*, 12 Ohio St. 483) it would not necessarily be entitled to the same weight on the ultimate issue of insanity as would the testimony of a physician psychiatrist. See also 23 Corpus Juris Secundum 422, Criminal Law, Section 867c. Even were the testimony of the psychologist and the psychiatrist to stand alone on the issue of insanity we would still have to be guided by the same principles set forth by Judge Troop in the case of *State* v. *Boham* (1971), 29 Ohio App. 2d 142, 152:

"The fourth and final error assigned is that the judgment from which the appeal is taken is against the manifest weight of the evidence on the issue of insanity * * * on * * * the day on which the crime was committed. Defendant urges that the sole evidence at trial on the issue of insanity, at the time of the crime, was provided by Dr. Vermeulen. This appears to be correct. Such a suggestion from defense counsel implies that since his testimony stands alone, the jury was required to conclude that the defendant was not guilty by reason of insanity. That position, if it really be the position of defendant, overlooks the fundamental point that a jury is not required to believe any witness, expert or otherwise. * * *

"It is the function of a jury not a reviewing court to weigh evidence. A Court of Appeals will not disturb the finding of a trial jury on matters of evidence unless it clearly appears that the jury completely lost its way or was the victim of bias or prejudice. In this case, the jury was entitled to believe or disbelieve the expert, or to give such weight to his testimony as in their collective judgment it was entitled to receive. * * * "

See also *State* v. *Wittingham*, Marion County Court of Appeals case number 9-74-7 (unreported), decided September 28, 1974.

The rule is no different when the finder of fact is a three judge panel rather than a jury. That panel's determination, as reflected by its journal entry, that "the defense has proven by a preponderance of the evidence

that the defendant has been at some points in time, both past and possibly present, suffering from a mental disorder that made it impossible to refrain from doing certain acts, but has failed to establish that the defendant was so impaired at the time of the act here in question," is not, therefore, against the weight of the evidence or contrary to law.

Finding no error prejudicial to the appellant in the particulars assigned and argued the judgment must be affirmed.

*Judgment affirmed.*

COLE, P. J., and MILLER, J., concur.