Kenneth L. BELL, Petitioner–Appellant,

v.

E. P. PERINI, Superintendent, Marion Correctional Institute, Respondent–Appellee.

No. 79–3153.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 18, 1980.

Decided Dec. 12, 1980.

---

**576**

Kenneth L. Bell, pro se.

Richard L. Aynes, Appellate Review Office, School of Law, University of Akron, Akron, Ohio, for petitioner–appellant.

William J. Brown, Atty. Gen. of Ohio, Crim. Activities Div., Simon B. Karas, Richard David Drake, Asst. Attys. Gen., Columbus, Ohio, for respondent–appellee.

Before MERRITT, BROWN and MARTIN, Circuit Judges.

BAILEY BROWN, Circuit Judge.

The petitioner, Kenneth L. Bell, appeals from the district court's denial of his petition for a writ of habeas corpus. Bell contends that the jury instructions given at his state criminal trial in Ohio shifted to him, in violation of due process, the burden of disproving an element of the offense for which he was indicted. More specifically, Bell contends that at his murder trial he was denied due process because the jury was instructed that the burden was on him to prove self–defense by a preponderance of the evidence. In resolving this contention, we first must review the development of Ohio law in this area in the recent past.

### I.

Prior to 1974, Ohio followed the traditional common law rule that the defendant in a criminal case not only had the burden of going forward with evidence in support of an affirmative defense but also had the burden of proving such affirmative defense by a preponderance of the evidence. *State v. Seliskar*, 35 Ohio St.2d 95, 298 N.E.2d 582 (1973). As of January 1, 1974, however, a new statutory provision became effective. That provision, codified as Ohio Revised Code 2901.05(A), stated:

> (A) Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof is upon the prosecution. The burden of going forward with the evidence of an affirmative defense is upon the accused.

Apparently, R.C. 2901.05(A) was not initially considered to effect any change in the previous common law rule. In fact, the Ohio Supreme Court, as late as 1975, reaffirmed at least in a dictum the principle that a defendant must bear the burden of proving affirmative defenses by a preponderance of the evidence.[1] *State v. Rogers*, 43 Ohio St.2d 28, 330 N.E.2d 674 (1975).

The petitioner in this case was indicted in 1975 for aggravated murder. At his trial, Bell testified that he had acted in self–defense. The trial court instructed the jury without objection by Bell that it was incumbent on Bell to demonstrate self–defense by a preponderance of the evidence. The jury found Bell guilty of murder. He was sentenced to a term of fifteen years to life imprisonment.

Bell appealed his conviction to the Cuyahoga County Court of Appeals. That appeal, however, did not question the validity of the jury instruction concerning self–defense. In April, 1976, the Court of Appeals affirmed Bell's conviction.

In July, 1976, the Supreme Court of Ohio, in *State v. Robinson*, 47 Ohio St.2d 103, 351 N.E.2d 88 (1976), held that R.C. 2901.05(A) had substantially altered the previously accepted common law rule defining the burden of proof in criminal cases. The court

---

1. In *Rogers*, the Ohio Supreme Court in dictum stated:

   The defense of using reasonable force to effect a citizen arrest necessarily involves an allegation of excuse or justification, and is, therefore, an affirmative defense (R.C. 2901.-

05[C][2]) which places the burden of going forward with the evidence upon the accused (R.C. 2901.05[A]) to prove that issue by a preponderance of the evidence. See *State v. Seliskar, supra*, 35 Ohio St.2d 95, 298 N.E.2d 582.

construed R.C. 2901.05(A) to require that a defendant go forward with sufficient evidence to raise the affirmative defense but that if the defendant presented such evidence, the prosecution then must demonstrate beyond a reasonable doubt the guilt of the defendant even to the extent of disproving such affirmative defense. Interpreting R.C. 2901.05(A) in this manner, the Ohio Supreme Court held that any jury instruction placing the burden of proving an affirmative defense on the defendant constituted prejudicial error.

Nonetheless, Bell's conviction was subsequently affirmed by the Ohio Supreme Court when it dismissed Bell's appeal for lack of a substantial constitutional question. The question of the validity of the jury instructions was not presented to or considered by the court in rendering its decision.

In 1977, the Ohio Supreme Court determined as a matter of state law that *State v. Robinson, supra*, should be applied retroactively to all criminal cases tried subsequent to January 1, 1974. *State v. Humphries*, 51 Ohio St.2d 95, 364 N.E.2d 1354 (1977). In *Humphries*, however, the court also held that the failure to object to a jury instruction effectively waived any claim of error based on *Robinson*.[2]

In 1978, Bell filed a petition for a writ of habeas corpus in the proper federal court challenging the constitutional validity of the jury instructions.[3] The district court held that the jury instructions imposing on Bell the burden of proving self--defense were consistent with the Ohio law at the time of Bell's trial. It also concluded, relying on *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977), that a state could constitutionally so impose the burden of proving self-defense on a defendant. The district court also held that Bell had no due process right to the retroactive application to his case of the decision in *Robinson*. Accordingly, the district court denied the petition, and Bell brought the instant appeal.

## II.

The appeal in this court in *Isaac v. Engle*, (6th Cir. 1980) raised essentially the same issue as is raised here. The habeas petitioner there, Lincoln Isaac, was convicted of felonious assault in Ohio in 1975 while Ohio Revised Code § 2905.05(A) was in effect. At trial, Isaac had relied on a defense of self--defense, offering sufficient evidence to create such issue, and the trial court instructed the jury, without objection from Isaac, that the burden was on Isaac to prove self -defense by a preponderance of the evidence. Isaac, on appeal, relied on *State v. Robinson, supra*, in which the Supreme Court of Ohio had held that § 2905.05(A) had effectively placed the burden on the state, when the issue is effectively raised, of proving absence of self--defense beyond a reasonable doubt. The Ohio Court of Appeals held that Isaac had waived his claim of error in the jury instruction by failing to object thereto, citing an Ohio procedural rule. The Ohio Supreme Court dismissed Isaac's appeal for lack of a substantial constitutional question. On the same day it dismissed Isaac's appeal, it decided in *State v. Humphries, supra*, that *Robinson* would be given retroactive effect but that, relying on the Ohio contemporaneous objection rule, held that failure to object to the charge to the jury would constitute a waiver.

Isaac sought habeas relief in federal district court, but such relief was denied on the ground that Isaac had not shown "cause" for his failure to object to the charge and "prejudice" as a result of such charge as is required by *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

---

**2.** Effective November 1, 1978, R.C. 2901.05(A) was amended to adopt once again the common law rule that the defendant has the burden of proving affirmative defenses by a preponderance of the evidence.

**3.** The district court determined that, since Bell has no available state remedy by which he could raise the issue presented here, he has exhausted his remedies. Respondent does not challenge this ruling.

On appeal, in an *en banc* decision,[4] a majority of this court voted to reverse the district court and to grant relief to Isaac. The majority were of the opinion that Isaac had shown "cause," as is required by *Wainwright*, since, at the time of his trial, Isaac neither knew nor reasonably could have known that the charge to the jury with respect to burden of proof as to self-defense was contrary to Ohio law or that such charge constituted a denial of federal due process. The majority also held that Isaac had shown actual "prejudice" since Isaac had by his testimony made self-defense a live issue in his trial. The plurality opinion in *Isaac*, authored by the writer of this opinion, held that Isaac had been denied federal due process by placing on him, contrary to Ohio law, the burden of proving self-defense. The plurality opinion reached this result on the theory that, since Ohio had by statute assumed the burden of proving absence of self-defense, placing such burden on Isaac was, for practical purposes, the equivalent of placing on Isaac the burden of proving the absence of an element of the crime of felonious assault. *See: In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970); *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); and *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977). In opinions concurring in the result, Chief Judge Edwards and Judge Jones were of the opinion that, in view of the definition of felonious assault in the Ohio statute, absence of self-defense is an element of the crime that federal due process requires that the state prove.

### III.

We believe that Bell, in the instant case, has likewise shown "cause" and "prejudice" as is required by *Wainwright* for the reasons stated in the plurality opinion in *Isaac*. We further believe that Bell was denied federal due process for the reasons stated in the plurality opinion in *Isaac*. Lastly, we believe that, for the reasons stated in the plurality opinion in *Isaac*, Bell is entitled to

---

4. The panel opinion in *Isaac v. Engle* is reported in (6th Cir. 1980).

jury instructions that are consistent with Ohio law in 1975 as construed in *Robinson, supra.*

The judgment of the district court is reversed and the case is remanded. The district court is directed to order that petitioner be released from custody unless Ohio chooses to retry him within a reasonable time to be determined by the district court.

MERRITT, Circuit Judge, dissenting.

I dissent from the opinion of the Court for the same reasons expressed in my dissenting opinion in *Isaac v. Engle* (6th Cir. 1980). The basic reason expressed there was that Ohio's contemporaneous objection rule provides an independent state ground for the state court's decision under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). That same reasoning applies to the instant case.