THE STATE OF OHIO, APPELLEE, *v.*
RICH, APPELLANT.

(Nos. C-810459 and C-810460—Decided
April 28, 1982.)

*Mr. Richard A. Castellini,* city solicitor, *Mr. Paul J. Gorman,* city prosecutor, and *Mr. Stephan D. Madden,* for appellee.

*Ms. Barbara A. Wiethe,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Hamilton County Municipal Court.

Defendant-appellant Rich was issued two citations for selling intoxicating liquor to a minor in violation of R.C. 4301.69. After trial to the court, he was found guilty as charged and sentenced as appears of record. Defendant timely appeals this judgment.

Defendant brings two assignments of error on this appeal. The first assignment is that the trial court erred in ruling that R.C. 4301.639 was not applicable to the instant cause. The second assignment is that the trial court erred in ruling that, even if it were applicable, defendant had not presented sufficient evidence to satisfy the requirements of R.C. 4301.639. The substance of both of these assignments is that the trial court erred in finding that defendant did not support an affirmative defense to each of the charged offenses. We do not find merit in these assignments of error.

R.C. 4301.69 prohibits the sale of intoxicating liquor to a person under the age of twenty-one years. A person may avoid criminal responsibility for this action if he can demonstrate compliance with R.C. 4301.639, that is, a good faith acceptance of spurious identification. Although the parties to this appeal have characterized R.C. 4301.639 as an affirmative defense to the offenses charged, we are unable to locate any specific decisional authority for this proposition. An affirmative defense is defined in R.C. 2901.05(C) as either a defense expressly designated as such or as a defense involving an excuse or justification peculiarly within the knowledge of the accused, on which he can fairly be required to adduce supporting evidence. The Supreme Court of Ohio has held this latter definition to encompass defenses of insanity, *State* v. *Humphries* (1977), 51 Ohio St. 2d 95 [5 O.O.3d 89], and the use of reasonable force in effecting a citizen arrest, *State* v. *Rogers* (1975), 43 Ohio St. 2d 28 [72 O.O.2d 16], certiorari denied, 423 U.S. 1061. These two defenses present excuses or justifications for, rather than denials of, specific

actions. In the case *sub judice,* R.C. 4301.639 is the vehicle by which defendant offers an excuse or justification for, rather than a denial of, his actions of selling intoxicating liquor to minors. Accordingly, we find R.C. 4301.639 to be an affirmative defense under R.C. 2901.05 (C)(2) to the charge of selling intoxicating liquor to a minor in violation of R.C. 4301.69.

R.C. 4301.639 provides, in part:

"No permit holder, his agent, or employee may be found guilty of a violation of any section of Chapter 4301 of the Revised Code * * * in which age is an element of the offense, if the * * * court of record finds all of the following:

"(A) That the person buying, *at the time of so doing,* exhibited to the permit holder, his agent, or employee an operator's or chauffeur's license or an identification card issued under sections 4507.50 to 4507.52 of the Revised Code showing that such person was then of legal age to buy beer or intoxicating liquor;

"(B) That the permit holder, his agent, or employee made a bona fide effort to ascertain the true age of the person buying by checking the identification presented, *at the time of the purchase,* to ascertain that the description on the identification compared with the appearance of the buyer and that the identification presented had not been altered in any way;

"(C) That the permit holder, his agent, or employee had reason to believe that the person buying was of legal age." (Emphasis added.)

Defendant's first assignment of error is not well taken. Our review of the entire text of the remarks made by the trial judge convinces us that he did indeed consider R.C. 4301.639 applicable to the instant cause; he merely felt that defendant had failed to meet his burden of proof under that statute. This assignment of error is overruled.

Defendant's second assignment of error is likewise without merit. The burden of going forward with the evidence of an affirmative defense and the burden of proof, by a preponderance of the evidence for an affirmative defense, is upon the accused. R.C. 2901.05(A). Defendant contends that he has met this burden and proved compliance with R.C. 4301.639. He avers that sufficient evidence was adduced at trial to show that he, a bartender, justifiably relied upon his employer's policy of having other employees check each individual's identification and proof of age upon admission to the bar.

This argument is not persuasive. The protection afforded by R.C. 4301.639 is expressly conditioned upon an identification/proof of age check *at the time of the purchase, i.e.,* when the intoxicating liquor is physically delivered to the prospective consumer. Defendant has clearly failed to demonstrate that he relied upon spurious identification presented to him at the time he physically delivered intoxicating liquor to the minors in question. The assignments of error are overruled. The judgment is affirmed.

*Judgment affirmed.*

SHANNON, P.J., KEEFE and KLUSMEIER, JJ., concur.