OPINION
Defendant-appellant, Sherry R. Herdman ("appellant"), appeals from the judgment of conviction and sentence entered in the Delaware County Court of Common Pleas after a jury found appellant guilty of one count of Felonious Assault and one count of Domestic Violence, respective violations of R.C. 2903.11(A)(2) and2919.25(A). Appellant assigns as error:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED IN DENYING DEFENDANT/APPELLANT'S REQUEST FOR JURY INSTRUCTIONS ON THE BATTERED WOMAN SYNDROME.
 II. THE TRIAL COURT COMMITTED ERROR PREJUDICIAL TO THE DEFENDANT IN THE ADMISSION OF STATE'S EXHIBITS 19 AND 20.
Evidence was presented at the trial of this matter that on the evening of April 8, 1999, appellant and her ex-husband, Brent Bunten, resided together at 420 N. Sandusky Street in Delaware, Ohio. At approximately 6:00 P.M. on April 8, appellant and Mr. Bunten were involved in a verbal altercation, which escalated into a physical confrontation. According to Mr. Bunten, appellant was drunk and she hit him in the side of the head. After he was struck, Mr. Bunten went into the kitchen to "get away from her," and appellant followed and again hit him in the side of the head with her fist. After striking him, Mr. Bunten attempted to hold appellant's arms to her sides and shoved her away. Appellant fell to the floor of the kitchen, got up and "grabbed a knife" from the kitchen sink and attempted to stab Mr. Bunten. Mr. Bunten struggled with appellant and recovered the knife, exited the home and threw the knife in the front yard. Appellant followed and attempted to hit Mr. Bunten with a wicker basket. Appellant then hit Mr. Bunten in the head with her fist. Appellant continued to attempt to hit and bite Mr. Bunten outside of the home. Other witnesses observed appellant attempting to hit Mr. Bunten with an automobile antenna and windshield wiper that she removed from Mr. Bunten's vehicle. The police eventually arrived at the scene and arrested appellant. We now turn to appellant's Assignments of Error.
 I.
Through her first Assignment of Error, appellant maintains the trial court erred in refusing to instruct the jury on the defense of battered woman syndrome. Appellant also maintains through this assignment that the trial court erred by prohibiting appellant from introducing evidence of "battered woman syndrome." We disagree. Pursuant to R.C. 2901.06(B), the introduction of expert testimony of "battered woman syndrome" is permissible if the defendant, who is charged with an offense involving the use of force against another, raises the affirmative defense of self-defense. In State vs. Koss (1989), 49 Ohio St.3d 213, the Ohio Supreme Court set forth the requirements for defendants who raise the affirmative defense of battered woman syndrome. The court explained that the battered woman syndrome was part of the affirmative defense of self-defense, and before evidence of the syndrome could be introduced, the defendant was required to submit evidence to establish that she was a battered woman acting in self-defense. The burden is upon the defendant to establish the affirmative defense of self-defense. State vs. Martin (1986),21 Ohio St.3d 91, 93-94. Self-defense is typically a subjective determination that is usually best established by the testimony of the defendant. State vs. Seliskar (1973), 35 Ohio St.2d 95, 96. The elements of self-defense are: (1) the defendant was not at fault in creating the situation giving rise to the altercation; (2) the defendant has a bonafide belief that he was in imminent danger of death or great bodily harm, and that his only means of escape from such danger was the use of such force; and (3) the defendant must not have violated any duty to retreat or avoid danger. State vs. Melchoir (1978), 56 Ohio St.2d 15, 20-21. Again, the burden of proof for self-defense is upon the defendant. R.C.2901.05. Here, contrary to appellant's assertions, the trial court did not prohibit appellant from producing evidence regarding her affirmative defense of battered woman syndrome. Instead, the trial court refused to permit appellant to simply provide expert testimony on the defense without first establishing or submitting evidence that appellant was acting in self-defense. In other words, the trial court required there to be some evidence of self-defense before allowing appellant to produce expert testimony that appellant suffered battered woman syndrome. At the trial of this matter, appellant neither submitted nor proffered any evidence, other than expert testimony, that appellant was acting in self-defense. As such, appellant failed in her burden to establish the affirmative defense and was, therefore, properly prohibited from submitting expert testimony regarding her claim of battered woman syndrome. In fact, appellant never testified in this matter, nor had any other witness testified with respect to her claims of self-defense. As such, the trial court properly denied expert testimony and a jury instruction on the issue of battered woman syndrome. Assuming arguendo that appellant put forth evidence of self-defense during her jury trial, we do not believe the evidence, as contained in the record, but not offered to the jury, would support a jury instruction on battered woman syndrome. Appellant admits that it was not her ex-husband, Brent Bunten, who previously battered her. In fact, in her psychological evaluations, appellant never disclosed that the alleged victim in this matter made any prior threats or acted violently toward her. Instead, appellant is attempting to use the battered woman syndrome as an affirmative defense for any acts of violence by claiming that her past, to the exclusion of the alleged victim herein, was so traumatic that she should be entitled to defend her actions of violence in the instant matter by asserting battered woman syndrome. To allow the use of such a defense in a case where the victim was not the cause, in whole or in part, in creating the battered woman syndrome would extend the defense beyond its logical purpose. To allow appellant to raise this defense through any actions involving her violent conduct would only lead to absurd results and create a farcical legal defense. Instead, we believe that if appellant claimed that her past psychological and physical traumatic experiences, unassociated with the alleged victim, created psychological impairment, defenses other than the battered woman syndrome would be available. However, we are not prepared to extend the battered woman syndrome defense to all acts of violence where the criminal defendant had suffered past psychological and physical trauma. For these reasons, we overrule appellant's first Assignment of Error.
 II.
In her second Assignment of Error, appellant maintains the trial court erred in permitting the State to admit into evidence Exhibits 19 and 20. Exhibit 19 was a prior written statement by the alleged victim, Brent Bunten, written on the day the instant criminal actions occurred. Exhibit 20 consisted of the complete transcript of Mr. Bunten's testimony before the Delaware County Grand Jury. It is appellant's position that these documents should not have been admitted because same constituted hearsay, there was improper foundation for the admission of same, and the prejudicial impact far outweighed their probative value. We disagree. First, Evid.R. 801(D) allows a prior statement of a witness to be admitted as non-hearsay testimony if it is consistent with the witness' testimony and is offered to rebut an express or implied charge against the witness of recent fabrication or improper influence or motive. In this case, the subject exhibits were admitted only after appellant implied and/or overtly charged Mr. Bunten regarding an improper motive for pursuing the criminal charges against appellant for the purpose of gaining an advantage in a custody dispute between the parties. Based on this state of the record, we believe the trial court properly allowed the admission of Exhibits 19 and 20 under Evid.R. 801(D), and there was a proper foundation for the admission of same. Finally, with respect to appellant's claim that the admission of the grand jury testimony was prejudicial, we believe that such prejudicial evidence was harmless beyond a reasonable doubt. See State vs. Bayless (1976), 48 Ohio St.2d 73. Accordingly, appellant's second Assignment of Error is hereby overruled.
For the foregoing reasons, the judgment of conviction and sentence entered in the Delaware County Court of Common Pleas is affirmed.
 ____________________ READER, V.J.
By: Gwin, P.J. and Hoffman, J. concur.