JOURNAL ENTRY AND OPINION.
{¶ 1} Defendant-appellant Michael Kelly appeals his conviction entered upon a jury trial in the Cuyahoga County Court of Common Pleas for one count of carrying a concealed weapon, a violation of R.C. 2923.12. For the following reasons, we affirm.
 {¶ 2} The following facts are relevant to this appeal: On February 13, 2002, defendant was arrested at his girlfriend Philtrina Child's apartment for carrying a concealed weapon. Several days prior to his arrest, on February 1, 2002, defendant had been babysitting Ms. Child's eighteen-month-old daughter, Amari, at Ms. Child's apartment located at 3929 Woodland, Apt. 1, in Cleveland, Ohio, when the child was burned by scalding water.
 {¶ 3} Paramedic Douglas Zalud received a call from Ms. Childs and responded to the scene. He transported Amari and Ms. Childs to MetroHealth Medical Center where the child was treated for her injuries.
 {¶ 4} Three officers from the Cleveland Police Department, Patrolman Donald Williams, Patrolman John Gannon, and Patrolman Manning, also arrived at the scene where they were met by the defendant. Defendant gave an exculpatory explanation for the child's injury.
 {¶ 5} Based upon information gathered from several sources, including Amari's treating physician, an arrest warrant was issued for defendant and Ms. Childs.
 {¶ 6} On February 13, 2002, officers from the Cleveland Police Department arrived at Ms. Child's apartment looking for defendant. Defendant was arrested shortly after the officer's arrival as he tried to exit the back door of Ms. Child's apartment. Defendant was searched incident to that arrest and a loaded gun was removed from under defendant's waistband.
 {¶ 7} On February 20, 2002, defendant was indicted on one count of felonious assault, one count of child endangering, one count of carrying a concealed weapon, and one count of having a weapon while under disability. Defendant entered a plea of not guilty at his arraignment and his case proceeded to trial.[1]
 {¶ 8} On June 20, 2002, the jury acquitted defendant on all counts except carrying a concealed weapon. Defendant appeals the verdict and raises the following three assignments of error, which are discussed out of order and together where appropriate.
 {¶ 9} "II. The trial court erred when it denied appellant's motion for judgment of acquittal pursuant to Rule 29 of the Ohio Rules of Criminal Procedure.
 {¶ 10} "III. Appellant's conviction for carrying a concealed weapon was against the manifest weight of the evidence."
 {¶ 11} In his second and third assignments of error, defendant challenges the adequacy of the evidence presented at trial. Specifically, defendant claims that the State failed to present sufficient evidence to support his conviction and that his conviction is against the manifest weight of the evidence. We disagree and find that an evaluation of the weight of the evidence is dispositive of both issues in this case.
 {¶ 12} The sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues.State v. Thompkins (1997), 78 Ohio St.3d 380, 386. When reviewing the sufficiency of the evidence, an appellate court's function is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id.
 {¶ 13} While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. Id. at 390. When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Otten (1986),33 Ohio App.3d 339, 340. Because the jury is in a better position to observe the witnesses' demeanor and weigh their credibility, this Court may not reverse a jury's verdict if it is supported by sufficient, competent and credible evidence going to each essential element of the crime charged. State v. DeHass (1967), 10 Ohio St.2d 230.
 {¶ 14} Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. State v.Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462 at 4.
 {¶ 15} Here, defendant was convicted of carrying a concealed weapon. The offense of carrying a concealed weapon is defined by R.C.2923.12, which provides that no person shall knowingly carry or have concealed on his person or concealed ready-at-hand any deadly weapon.
 {¶ 16} Defendant's argument with respect to these assignments of error is that the weight and sufficiency of the evidence required the jury to return a not guilty verdict based on the affirmative defense that he was in his own home at the time he was carrying the weapon.
 {¶ 17} At trial, the jury heard Patrolman John Gannon testify that defendant told him he was visiting his girlfriend's apartment on the day Amari was injured. Lara Schwartz, the ongoing social worker for Ms. Childs, testified that Ms. Childs told her that defendant had "moved in with her and the kids." Janelle Childs, Ms. Child's six-year-old child, testified that defendant often spent the night at the apartment. Ms. Childs testified that she lived at 3929 Woodland, Apt. 1 with her two children and "occasionally Michael Kelly." She further testified that the defendant had a key to her apartment, kept clothing there and often spent the night, but that he did not live with her.
 {¶ 18} Upon careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in convicting defendant of carrying a concealed weapon. We find there to be substantial, competent, credible evidence upon which the jury could base its decision that defendant, although he often spent the night at Ms. Child's home, did not live there and thus had no legal privilege to be carrying a weapon. Under DeHaas, supra, the jury was free to accept or reject any or all of the testimony of the witnesses and assess the credibility of those witnesses. Consequently, we conclude that defendant's assertion that the State did not produce sufficient evidence to support a conviction, therefore, is also without merit. Accordingly, defendant's second and third assignments of error are overruled.
 {¶ 19} "I. The trial court erred by refusing to give a jury instruction on the affirmative defenses set forth under Ohio Revised Code2923.12(C)(3) because the weapon was kept ready at hand by appellant for a lawful purpose and while in the actor's own home.
 {¶ 20} In his first assignment of error, defendant argues that the trial court erred in refusing to instruct the jury as to the affirmative defense contained in R.C. 2923.12(C)(3). We disagree. R.C. 2923.12(C)(3) provides that it is an affirmative defense to a charge of carrying a concealed weapon that the weapon was carried or kept ready-at-hand by the actor for any lawful purpose and while in his own home. An affirmative defense involves an allegation of excuse or justification which places the burden upon the accused to go forward with evidence to prove the issue by a preponderance of the evidence. State v. Rogers (1975),43 Ohio St.2d 28.
 {¶ 21} In the previous assignments of error, we held that there was substantial evidence that defendant was not in his own home at the time his gun was seized by the police. Thus, defendant was not entitled to an instruction on this affirmative defense. In addition, defendant failed to advance any lawful purpose for having the concealed gun.
 {¶ 22} Defendant's first assignment of error is overruled.
Judgment affirmed.
MICHAEL J. CORRIGAN, P.J., and PATRICIA A. BLACKMON, J., concur.
[1] The charge of having a weapon while under disability was dismissed by the trial court prior to trial.