DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Amanda Chizmadia, appeals from the decision of the Akron Municipal Court which found her guilty of the sale of alcohol to a minor. We affirm.
 {¶ 2} On February 24, 2004, Defendant was cited for sale of alcohol to a minor, in violation of R.C. 4301.69(A). A jury found her guilty of the allegations on May 13, 2004, and the trial court sentenced Defendant to pay the costs of the prosecution. Defendant timely appealed, raising one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred in failing to give jury instructions for the affirmative defense of good faith acceptance of false identification as contained in [R.C.] 4301.639(A)."
 {¶ 3} In her only assignment of error, Defendant asserts that the trial court erred by failing to give a requested instruction on the defense of good faith acceptance of false identification. She opines that conflicting evidence given at trial, regarding whether she asked for identification from Michael Lanza prior to serving him alcohol, rendered the jury instruction imperative. Further, she contends that security procedures in place at the bar's entrance satisfied the good faith acceptance of false identification defense rendering any subsequent request for identification legally unnecessary. We disagree.
 {¶ 4} The law requires a trial court to give the jury all instructions which are relevant and necessary for the jury to properly weigh the evidence and reach their verdict as fact finder. State v. Comen (1990),50 Ohio St.3d 206, paragraph two of the syllabus. "In a criminal case, if requested special instructions to the jury are correct, pertinent and timely presented, they must be included, at least in substance, in the general charge." Cincinnati v. Epperson (1969), 20 Ohio St.2d 59, paragraph one of the syllabus. When considering whether to give a requested instruction on an affirmative defense, however, the court must also consider whether the evidence presented supports the defense. Statev. Esposito (Dec. 30, 1994), 9th Dist. No. 2337-M, at 7, citing State v.Guster (1981), 66 Ohio St.2d 266, 271. In other words, the issue before this Court is whether the evidence presented at trial supports the defense of good faith acceptance of false identification under R.C.4301.639(A).
 {¶ 5} In order to support the defense of good faith acceptance of false identification, Defendant must present evidence that (1) the purchaser of alcohol exhibited to Defendant a driver's license or proper form of identification; (2) Defendant "made a bona fide effort to ascertain the true age of the [purchaser] by checking the identification presented, at the time of the purchase," verifying that the identification had not been altered, and matching the description on the identification to that of the purchaser; and (3) Defendant "had reason to believe that the [purchaser] was of legal age." R.C. 4301.639(A). While Defendant urges this Court to find that "the time of purchase" in this case is the time when the minor paid the cover charge at the entrance to the bar, the plain language of the statute does not permit such an interpretation. The defense relates specifically to verification of age "at the time of purchase" of the alcohol, rendering irrelevant any additional age verification measures conducted at the entrance to a bar where one might pay for the right to enter the establishment. State v. Rich (1982),4 Ohio App.3d 77, 78. See, also, State v. McCall (1995), 1st Dist. No. C-950045. If Defendant in this case failed to present evidence showing that she actually checked the minor purchaser's identification at the time of sale, the defense is inapplicable to her case.
 {¶ 6} Michael Lanza, the minor purchaser in this case, testified that he showed his false identification to the doormen to gain admittance into the bar. However, at the time he purchased alcohol, he did not show Defendant his identification and Defendant did not ask to see any identification. Two liquor control agents in the bar that evening watched from approximately ten feet away as Lanza purchased the alcohol. Both agents testified that they had generally unobstructed views and did not see Lanza produce any identification, either a driver's license or otherwise, when he purchased alcohol from Defendant. Defendant did not specifically recall serving Lanza, and could not say with certainty whether she asked for his identification or not.
 {¶ 7} After watching Lanza purchase the alcohol, the two liquor control agents stopped him and asked for his identification. Lanza eventually admitted to the agents that he was underage and his identification was fake. The agents cited him both for purchasing alcohol and displaying a false identification.
 {¶ 8} The evidence in this case supports that Lanza did not produce any identification at the time he purchased alcohol from Defendant. Testimony indicating that Defendant did not know if she had asked for Lanza's identification or not is simply not equivalent to evidence that she actually did request identification. Accordingly, Defendant offered no evidence tending to show that she checked Lanza's identification at the time of sale. As the defense of good faith acceptance of a false identification requires the bartender to check a party's identification at the actual time of sale, the trial court did not err in refusing to give a jury instruction on that unsupported defense. We overrule Defendant's assignment of error.
 {¶ 9} We overrule Defendant's assignment of error and affirm the judgment of the Akron Municipal Court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Akron Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Batchelder, J. Concurs