OPINION
{¶ 1} On August 27, 2007, the trial court convicted Defendant, Darryl W. Tucker, of aggravated burglary, R.C. 2911.12(A)(1), upon a guilty verdict returned by a jury. The court sentenced Defendant to a three-year term of incarceration, followed by three years of supervised post-release *Page 2 
control. Defendant filed a timely notice of appeal to this court from his conviction and sentence.
 {¶ 2} The events constituting Defendant's conviction occurred on April 22, 2007. Defendant's girlfriend, Jackie Woodrum, invited Defendant to her apartment in Dayton. Defendant appeared to have been drinking when he arrived. After receiving a phone call, Defendant left.
 {¶ 3} Defendant returned to Woodrum's apartment about an hour later. Woodrum testified at his trial that Defendant appeared to be more intoxicated than before. The two got into an argument, and Defendant cursed Woodrum and called her foul names. Woodrum told Defendant to leave, and when he did not, Woodrum shoved him out the front door and closed and locked it.
 {¶ 4} Once outside, Defendant continued his verbal abuse of Woodrum, and he eventually kicked in her front door and entered Woodrum's apartment. Defendant then grabbed Woodrum by the hair, slapped her, and punched her, using his closed fist. Woodrum picked up a knife and swung it toward Defendant, cutting his face. When Defendant released his grasp, Woodrum called 911. She then fled from her apartment toward her mother's home. Defendant chased after Woodrum, threatening to harm her. *Page 3 
 {¶ 5} Defendant and Woodrum were about one and one-half blocks from her apartment when they were seen by Dayton Police Officers Simison and Dickey, who had been dispatched on Woodrum's 911 call. Officer Simison testified that Woodrum was frightened and upset, and acted as though she and Defendant had been in an altercation. Two other Dayton Police Officers, Stack and Spires, went to Woodrum's apartment, where both observed physical damage to its front door consistent with it having been kicked in.
FIRST ASSIGNMENT OF ERROR
 {¶ 6} "THE CONVICTION SHOULD BE REVERSED BECAUSE THE CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 {¶ 7} A criminal conviction, even though it is supported by legally sufficient evidence, may nevertheless be against the weight of the evidence presented. State v. Robinson (1955), 162 Ohio St. 486. Upon that finding by three judges, a court of appeals may reverse a judgment of conviction based on a guilty verdict returned by a jury. Section 3(B)(3), Article IV, Ohio Constitution.
 {¶ 8} "Weight of the evidence concerns `the inclination of thegreater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing *Page 4 
the evidence in their minds, they shall find the greater amount ofcredible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief.' (Emphasis added.)" State v. Thompkins 1997),78 Ohio St.3d 380, 387 (Internal citations omitted.)
 {¶ 9} Defendant was convicted of an offense of aggravated burglary, in violation of R.C. 2911.12(A)(1). That section provides:
 {¶ 10} "No person, by force, stealth, or deception, shall . . .
 {¶ 11} "[t]respass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense."
 {¶ 12} Defendant argues that the jury clearly lost its way in returning a guilty verdict because Jackie Woodrum's invitation to come to her apartment created a privilege in Defendant to be there, preventing a finding that Defendant committed a criminal trespass, R.C. 2911.21(A) which is a necessary element of the crime of aggravated burglary as it is *Page 5 
defined by R.C. 2911.12(A)(1). Defendant further points out that Woodrum chased Defendant from her apartment and continued to swing a knife at him while they ran down the street. The import of that observation appears to be that Woodrum attempted to injure Defendant, not that he injured or attempted to injure Woodrum.
 {¶ 13} On this record, it is undisputed that Woodrum used the knife in self-defense after Defendant attacked her, and that Woodrum continued to brandish the knife for that purpose while Defendant pursued her down the street. That in no way avoids a finding that Defendant first entered Woodrum's apartment with purpose to commit a criminal offense, the assault in which he inflicted and/or attempted to inflict physical harm on Woodrum.
 {¶ 14} As for Defendant's "privilege" to enter, that contention ignores the fact that Woodrum, after inviting Defendant to her apartment, had pushed him out the door and locked it when he became abusive. When Defendant then kicked in the door to get back inside, he had no privilege to enter, and the weight of the evidence shows that he used force to do so.
 {¶ 15} The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR *Page 6 
 {¶ 16} "APPELLANT ASSERTS INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 17} Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must demonstrate that were it not for counsel's errors, the result of the trial would have been different. Id., State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 18} Further, the threshold inquiry should be whether a defendant was prejudiced, not whether counsel's performance was deficient.Strickland.
 {¶ 19} Defendant contends that his trial counsel was ineffective for failing to argue the affirmative defense of self-defense, which if proved by a preponderance of the evidence would bar Defendant's conviction for aggravated burglary. R.C. 2901.05(A); State v.Seliskar (1973), 35 Ohio St.2d 95.
 {¶ 20} In order to establish a claim of self-defense, a defendant must show that he was not at fault in creating the *Page 7 
situation giving rise to the affray. State v. Melchior (1978),56 Ohio St.2d 15; State v. Robbins (1979), 58 Ohio St.2d 74, paragraph two of the syllabus.
 {¶ 21} The undisputed evidence shows that Defendant kicked in the door of Woodrum's apartment and attacked her once he was inside. Self-defense was not available to Defendant in relation to any efforts Defendant subsequently made to protect himself from injuries Woodrum threatened or inflicted on Defendant when she used a knife to protect herself. Therefore, Defendant's trial counsel violated no duty of reasonable representation when he failed to argue self-defense, and Defendant was not prejudiced. Strickland.
 {¶ 22} The second assignment of error is overruled. The judgment of the trial court will be affirmed.
 FAIN, J. And DONOVAN, J., concur. *Page 1