**Thurston HENDERSON,
Petitioner-Appellant,**

v.

**Arnold R. JAGO, Supt.,
Respondent-Appellee.**

No. 79–3427.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 28, 1979.

Decided June 24, 1982.

472

Jerry Weiner, Columbus, Ohio, for petitioner-appellant.

William J. Brown, Atty. Gen., Ohio, Richard David Drake, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before WEICK * and KEITH, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

This is an appeal by Thurston Henderson, petitioner-appellant, from the denial of his petition for a writ of habeas corpus by the United States District Court for the Northern District of Ohio. This appeal involves the matter of jury instructions on the burden of proof required on the defense of self-defense in a criminal case.

A simple statement of facts will bring the issue into focus.

On May 27, 1975, Henderson was indicted for the aggravated murder of one Kent Thomas, in violation of Ohio Revised Code, Section 2903.01. He was tried to a jury and on September 19, 1975, was found not guilty of aggravated murder, but guilty of murder in violation of Ohio Revised Code,

Section 2903.02. He was sentenced to 15 years to life imprisonment.

During the trial, the appellant admitted firing the weapon which resulted in the death of Thomas. He testified that he fired the weapon in self defense during an argument at which time appellant thought Thomas was reaching for a weapon. He also testified that by reason of the circumstances he was placed in such a state of anger that his mind was in such condition that he was incapable of forming a purpose to kill. After defining the defense of self-defense, the trial judge said:

"The burden of proving the defense of self defense is upon the Defendant. He must establish such defense by a preponderance of the evidence."

He also placed upon the Defendant the burden of establishing

" * * * by a preponderance of the evidence or the greater weight of the evidence that by reason of anger the mind of the accused was in such condition that he was not capable of forming a purpose to kill * * *."

The trial judge defined preponderance of evidence as follows:

"If the weight of the evidence is equally balanced or if you are unable to determine which side of an issue has the preponderance then the Defendant has not established such issue. If the Defendant fails to establish the defense of self-defense, the State still must prove all of the elements of the crime charged or a lesser included offense by proof beyond a reasonable doubt.

"If you find that the State proved beyond a reasonable doubt all the essential elements of the crime of aggravated murder * * * and the Defendant failed to prove by a preponderance of the evidence the defense of self-defense, your verdict must be guilty in accordance with your findings. If you find that the State has failed to prove beyond a reasonable doubt any one of the essential elements of the crime of aggravated murder as charged

* Judge Weick became a Senior Circuit Judge at the close of business on December 31, 1981.

in the indictment and has further failed to prove any one of the essential elements * * * or if you find that the Defendant proved by a preponderance of the evidence the defense of self-defense, then you must find the Defendant not guilty."

Counsel for the appellant made no objection to this charge during the trial.

On March 24, 1976—The Court of Appeals affirmed petitioner's conviction. The Ohio Supreme Court held on July 21, 1976, that ORC § 2901.05, effective January 1, 1974, had changed pre–1974 law. In *State v. Robinson*, 47 Ohio St.2d 103, 351 N.E.2d 88 (1976), the Ohio Supreme Court held that when a defendant pleads the affirmative defense of self-defense, he has only the burden of going forward with evidence sufficient to raise the defense, and does not have the burden of establishing the defense by a preponderance of the evidence.

At this point it becomes essential to understand the statutes of Ohio and the interpretation thereof by the Supreme Court of Ohio in order to determine where the burden of proof lay in the trial of a defense of self-defense.

On January 1, 1974, a revision of Ohio's Criminal Code became effective. A portion of the Code, Ohio Revised Code, Section 2901.05, provided in pertinent part that:

"The burden of *going forward* with the evidence of an affirmative defense is upon the accused." (Emphasis added)

Prior to the enactment of this statute, Ohio had traditionally required that the entire burden of proof—not merely "The burden of going forward * * * with respect to a defense of excuse or justification rested with the accused by a preponderance of the evidence.[1] The alleged murder, the indictment of the appellant for aggravated murder in violation of Ohio Revised Code, Section 2903.02, and the trial of the appellant to a jury all occurred in 1975 after the revision of the Code, but before any interpretative decisions had been made by the Supreme Court of Ohio.

On July 20, 1977, the Ohio Supreme Court held that the Robinson decision would be applicable retroactively to all criminal trials held after the effective date of the statute. The Court further held, however, that the benefits of retroactivity would not be accorded Humphries because of his failure to object to the erroneous jury instruction at trial. *State v. Humphries*, 51 Ohio St.2d 95, 364 N.E.2d 1354 (1977).

Petitioner filed a Petition to Vacate Sentence on October 25, 1976, pursuant to ORC § 2953.21, challenging the jury instructions at issue in this proceeding.

On February 15, 1977, the State Court denied the Petition to Vacate on the ground that " * * * the issue could have been fully litigated by the defendant while represented by counsel in the defendant's appeals." The State Appellate Court and Supreme Court thereafter declined to reverse the decision.

The Ohio Legislature, on November 1, 1978, repealed ORC § 2901.05 and reinstated the requirement that an accused prove an affirmative defense by a preponderance of the evidence.

After argument in this Court, further proceedings were stayed pending decision in the Supreme Court of *Engle v. Isaac*. This case was decided on April 5, 1982, —— U.S. ——, 102 S.Ct. 1558, 71 L.Ed.2d 783.

As can be seen from the above, the time frame fits within that of *Engle v. Isaac*. Both Isaac and petitioner in this case were indicted and tried in 1975 at a time when the Ohio Supreme Court in *State v. Rogers*, 43 Ohio St.2d 28, 330 N.E.2d 674 (1975) had reaffirmed at least in dictum, the principle that an accused must bear the burden of proving affirmative defenses by a preponderance of the evidence. Thus, Isaac and petitioner in this case were convicted before the decision of *State v. Robinson*, 47 Ohio St.2d 103, 351 N.E.2d 88 (1976) that held when a defendant pleads the affirmative defense of self-defense, he only has a burden of going forward with evidence sufficient to raise the defense, and does not have

1. *State v. Seliskar*, 35 Ohio St.2d 95, 298 N.E.2d 582 (1973).

the burden of establishing the defense by a preponderance of the evidence.

Finally, both Isaac and petitioner herein were denied habeas corpus relief pursuant to *State v. Robinson* because of their failure to have objected at trial to the jury instructions in violation of the Ohio Contemporaneous Objection Rule. Apparently, unlike Isaac, petitioner did present his challenges to the jury instructions to the Ohio Courts through his post-conviction Petition to Vacate Sentence pursuant to Ohio Revised Code § 2953.21. The State Courts, however, ruled that petitioner's argument was barred from consideration because of petitioner's failure to timely object to the instructions in accordance with Ohio's Contemporaneous Objection Rule.

Applying the principles of *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) to these facts, the Supreme Court held in *Engle v. Isaac, supra*, that failure to comply with Ohio's Contemporaneous Objection Rule bars a challenge to jury instructions in a Federal habeas corpus proceeding. The Court ruled that State prisoners, barred by a procedural default from raising a constitutional claim on direct appeal, cannot litigate that claim in a Federal habeas corpus proceeding without showing cause for and actual prejudice from the default.

In this regard, the Court ruled that cause for failure to timely object cannot be based upon the ground that any objection to Ohio's jury instructions would have been futile because Ohio had long favored the law supporting the instructions. Nor, reasoned the Court, could cause for a procedural default be based upon the ground that a petitioner could not have known at the time of his trial that the Due Process Clause addresses the burden of proving affirmative defenses.

In the case now before this Court, the only cause for petitioner's failure to object at trial to the jury instructions is trial counsel's ineffectiveness, counsel " * * * apparently not [being] familiar with the law as it relates to affirmative defenses". This argument, however, is merely a restatement of the reasons rejected by the Supreme Court as insufficient to establish cause. As stated by the Supreme Court in *Engle v. Isaac, supra*, —— U.S. at ——, 102 S.Ct. at 1574:

> "Counsel might have overlooked or chosen to omit respondent's due process argument while pursuing other avenues of defense. We have long recognized, however, that the Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim."

Accordingly, with respect to petitioner's challenges to the trial court's jury instructions, it is concluded that his failure to comply with Ohio's Contemporaneous Objection Rule, and his failure to demonstrate cause for not complying with that Rule, bars him from asserting the alleged error in this claim under 28 U.S.C. § 2254.

Judgment is affirmed.