Ellis R. NIEB, Petitioner-Appellant,

v.

Arnold JAGO, Superintendent, Respondent-Appellee.

No. 81–3257.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 27, 1982.

Decided Dec. 16, 1982.

Rehearing and Rehearing En Banc Denied Feb. 7, 1983.

Richard L. Aynes, University of Akron, School of Law, Akron, Ohio, for petitioner-appellant.

William J. Brown, Atty. Gen. of Ohio, Richard David Drake, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before LIVELY and WELLFORD, Circuit Judges, and PRATT,* District Judge.

---

* The Honorable Philip Pratt, United States District Judge for the Eastern District of Michigan, sitting by designation.

**PER CURIAM.**

Appellant appeals from the denial by the United States District Court for the Northern District of Ohio of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. He seeks collateral review of his Ohio jury conviction of second degree murder, primarily on the grounds that the trial judge's jury instruction regarding self defense impermissibly shifted the burden of proof. After having discussed the necessary elements to be proved beyond a reasonable doubt by the prosecution, including the requisite malicious intent, the trial judge stated:

> "The burden of proving the defense of self defense is upon the defendant. He must establish such defense by a preponderance of the evidence."

This court holds that this challenged instruction did not violate due process under the circumstances, because the prosecution bore the burden of proving beyond a reasonable doubt every element of the crime alleged. This court has recently declined on two occasions to grant habeas corpus relief when it was contended that Ohio state trial judges erred by giving such an instruction. *See Hooper v. Perini,* 641 F.2d 445 (6th Cir.1981), *cert. denied,* 454 U.S. 817, 102 S.Ct. 95, 70 L.Ed.2d 86 (1982); *Carter v. Jago,* 637 F.2d 449 (6th Cir.1980), *cert. denied,* —— U.S. ——, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982).

The charge of the Ohio trial court was a recital of standards prevailing at the time of trial under Ohio law. As stated, it included language that the prosecution must prove every necessary element of the murder charge beyond a reasonable doubt, including the element of specific bad or malicious intent. The language which is now the subject of challenge was then tendered without specific objection; rather appellant's counsel made at the time a generalized objection to "every part" of the instruction. This action by appellant's then counsel does not rise to the level of a con-

temporaneous objection required. This conclusion is confirmed by appellant's own further contention in this appeal that his counsel rendered him ineffective assistance because he did not make a specific objection to that part of the court's charge to the jury which he now claims violates his constitutional due process rights. Inferentially, appellant has recognized that under Ohio law defense counsel at the time of his trial was required to make specific contemporaneous objection, "notwithstanding any codified procedural rule[1] ... in order to preserve errors for appeal."

■ As was stated in *Hankerson v. North Carolina*, 432 U.S. 233, 97 S.Ct. 2339, 53 L.Ed.2d 306 (1977), a decision that under circumstances, distinguishable from those present in the instant case, held that "burden-shifting presumptions" in trial instructions may constitute a violation of due process:

"States, if they wish, may be able to insulate past convictions by enforcing the *normal and valid rule* that failure to object to a jury instruction is a waiver of any claim of error."

(emphasis added, 432 U.S. 244, n. 8, 97 S.Ct. 2345–2346 n. 8)

■ The Ohio trial court followed the traditional common law rule applicable to the affirmative defense of claiming to act in self defense. *State v. Seliskar*, 35 Ohio St.2d 95, 298 N.E.2d 582 (1973); *State v. Poole*, 33 Ohio St.2d 18, 294 N.E.2d 888 (1973). The defense, in practical effect, operates as an admission to killing; acting with the state of mind to kill another but claiming justification, acting under excusably extenuating circumstances. Acting

with malice or with the bad intent sufficient to warrant conviction must be established by the prosecution under the challenged instruction taken as a whole; that is, the willful act to inflict serious bodily injury, even death, upon another was first to be proved beyond a reasonable doubt.

■ The Supreme Court's decision last term in *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), discussed at length the role of the federal courts in considering habeas corpus petitions. In deferring to state court judges in the administration of state criminal law, the Court made clear in *Engle* its reluctance to grant the writ absent a miscarriage of justice.[2]

The court finds no showing here of the requisite "cause" and "prejudice" under these circumstances as required by *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). *See also Engle v. Isaac, supra*, 456 U.S. at 128–131, 102 S.Ct. at 1572–1573, 71 L.Ed.2d at 802.

We note at the outset that the futility of presenting an objection to the state courts cannot alone constitute cause for a failure to object at trial. If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim.

. . . .

On the other hand, later discovery of a constitutional defect unknown at the time of trial does not invariably render the original trial fundamentally unfair. Again, in *Engle supra*, it was pointed out that appellant's claim is based on the rationale of *In re Winship*, 397 U.S. 358, 90

---

1. Appellant's supplemental brief filed 6–11–82, p. 4. The codified rule was later adopted, Criminal Rule 30, effective 7–1–73. Trial occurred in 1972.

2. The defendants in *Engle* challenged on due process grounds an Ohio statute effective at the time of their trial in 1975 which provided as follows:

Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof is upon the prosecution. The burden of going

forward with the evidence of an affirmative defense is upon the accused. Ohio Rev.Code Ann. § 2901.05(A) (1975).

While acknowledging that their argument "states a colorable constitutional claim," 456 U.S. at 122, 102 S.Ct. at 1568, 71 L.Ed.2d at 797, the Supreme Court ruled that the defendants were barred from raising the claim in a habeas corpus action because they had failed to object to the instruction at trial, as required by an Ohio procedural rule.

S.Ct. 1068, 25 L.Ed.2d 368 (1970), which was decided some time before appellant's trial.

In addition, the prior decision of this court in *Carter v. Jago,* 637 F.2d 449 (1980) is based upon factors and circumstances very similar to those present here (citing the *en banc* decision of this court in *Isaac v. Engle, supra,* among other cases). That 1980 decision analyzes *Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975); *Patterson v. New York,* 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977); *Hankerson v. N.C., supra,* and *Wainwright v. Sykes, supra,* and concludes that an instruction such as that utilized and challenged here, required proof beyond a reasonable doubt of 1) an actual killing, 2) intent and, 3) malice, as elements of the crime; that it "passes constitutional muster," 637 F.2d 455. In *Carter,* as here, the instructions did not call for presumptions of these elements, "the material elements do not include the nonexistence of a fact which, if proven, would constitute a statutory defense," (637 F.2d 454). Self defense may well be equated to that of mental incapacity; see the holding of *Patterson v. New York, supra,* 432 U.S. at p. 206, 97 S.Ct. at pp. 2324–2325, (cited *Carter, supra,* p. 457):

> "... once the facts constituting a crime are established beyond a reasonable doubt, based on all the evidence including the evidence of the defendant's mental state, the State may refuse to sustain the affirmative defense of insanity unless demonstrated by a preponderance of the evidence."

Like *Carter,* in this case there was demonstrated no constitutional error in the instructions given, taken as a whole; and appellant has failed to carry his burden to indicate a right to challenge the instruction for his failure to make a contemporaneous objection in state court. His counsel was not shown to have rendered ineffective assistance by reason of his failure to make a specific and timely objection to those instructions given. Finally, the state court evidentiary rulings complained about do not rise to a constitutional level even if errone-

ous, a decision we are not called upon to make. We concur with the district judge's decision in that respect.

Accordingly, it is ORDERED that the judgment of the district court be, and hereby is, AFFIRMED.