Thomas Lester JONES, Petitioner-Appellant,

v.

Arnold JAGO, Sup't., Respondent-Appellee.

No. 81–3269.

United States Court of Appeals, Sixth Circuit.

Argued Nov. 1, 1982.
Decided Feb. 22, 1983.

**46**

Thomas Lester Jones, pro se.

Donald N. Krosin, Federal Public Defender, Cleveland, Ohio, for petitioner-appellant.

Dain N. Deveny, Connie Harris, Asst. Attys. Gen. of Ohio, Columbus, Ohio, for respondent-appellee.

Before JONES and CONTIE, Circuit Judges, and PECK, Senior Circuit Judge.

CONTIE, Circuit Judge.

Thomas Jones appeals a district court order denying relief on a habeas corpus petition brought pursuant to 28 U.S.C. § 2254. Petitioner was convicted of murder in Ohio under procedural circumstances identical to those considered by the Supreme Court in *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

The indictment in this case charged Jones with aggravated murder. He claimed self-defense. Traditionally, Ohio law required defendants in murder cases to prove the defense of self-defense by a preponderance of the evidence. On January 1, 1974, however, a new statute became effective:

> Every person accused of an offense is presumed innocent until proven guilty beyond a reasonable doubt, and the burden of proof is upon the prosecution. The burden of going forward with the evidence of an affirmative defense is upon the accused.

Though this statute possibly indicated a shift in the law regarding the burden of proving affirmative defenses as of January 1, 1974, Jones did not specifically object[1] to the following jury instruction during trial in July of that year:

> The burden of proving the defense of self-defense is upon the defendant. He must establish such a defense by a preponderance of the evidence.

Subsequent to Jones' trial, the Ohio Supreme Court ruled that the new statute had changed the burden of proof as of its effec-

---

1. Jones generally objected to the entire set of instructions. This objection did not satisfy Ohio's contemporaneous objection require-

ment. *Nieb v. Jago,* 695 F.2d 228 (6th Cir. 1982).

tive date. While a defendant retained the burden of coming forward with sufficient evidence to raise an affirmative defense question, the state bore the burden of proving guilt beyond a reasonable doubt even to the extent of disproving the asserted defense. *State v. Robinson,* 47 Ohio St.2d 103, 351 N.E.2d 88 (1976). Thus the court had improperly instructed the jury in Jones' case. The Ohio Supreme Court later held, however, that defendants who had not objected to jury instructions which improperly shifted the burden of proving affirmative defenses could not reap the benefits of *Robinson. State v. Humphries,* 51 Ohio St.2d 95, 364 N.E.2d 1354 (1977).

After exhausting state remedies, Jones brought this action in the district court. While petitioner claims that he was denied effective assistance of counsel when his attorney failed to object to the jury instruction in question, the petition can also be construed to allege that the jury instruction itself violated due process. This court will consider both claims. Jones also preserved for appeal the questions of whether the jury reached a unanimous verdict and whether Jones was given notice in the indictment of the lesser included offense of murder for which he was convicted. For the reasons stated below, we affirm the judgment of the district court.

■ Jones violated Ohio's contemporaneous objection rule as set forth in *Humphries* when he failed to object to the jury

instruction at issue. Thus, the due process challenge to the jury instruction clearly is barred by the Supreme Court's holding in *Engle v. Isaac.*[2] Even if this court were to reach the merits, we would hold that the instruction in question did not violate due process. *Carter v. Jago,* 637 F.2d 449 (6th Cir.1980), *cert. denied,* 456 U.S. 980, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982).

■ Nor was Jones denied effective assistance of counsel under the test established in *Beasley v. United States,* 491 F.2d 687, 696 (6th Cir.1974). In essence, petitioner contends that competent counsel would have realized that the new statute possibly changed the burden of proving affirmative defenses and would therefore have objected to the jury instruction concerning the burden of proving self-defense. Counsel's failure to do so has resulted in a procedural default which has precluded Jones' due process challenge to the instruction. This failure to protect petitioner's rights allegedly constitutes ineffective assistance of counsel.

This argument is unconvincing. Were it correct, the Supreme Court's holding in *Engle v. Isaac* would in effect be circumvented because every case like it would become an ineffective assistance of counsel case. We cannot agree that the Supreme Court intended such a result. The Court's opinion in *Engle v. Isaac* supports this conclusion. Though the Court held that the failure to object to the burden of proof instruction did

---

**2.** The dissenting opinion notes that the Ohio appellate court rejected Jones' due process claim on two grounds: 1) petitioner's claim was procedurally barred for failure to comply with Ohio's contemporaneous objection rule and 2) the jury instruction was not constitutionally deficient. The dissent contends that since the Ohio courts reached the merits of petitioner's claim in an alternative holding, the federal courts may also consider the merits. *Hockenbury v. Sowders,* 620 F.2d 111, 115–16 (6th Cir.1980), *cert. denied,* 450 U.S. 933, 101 S.Ct. 1395, 67 L.Ed.2d 367 (1981), held that where a procedural default is a substantial basis for the state courts' refusal to grant habeas relief, that basis is an adequate and independent state ground precluding habeas corpus review, absent a showing of cause and prejudice. Since Jones' failure in the present case to

comply with Ohio's contemporaneous objection rule was a substantial ground underlying the state appellate court's holding, this court may not reach the merits unless petitioner shows cause and prejudice. *Engle v. Isaac* prevents him from doing so.

*County Court v. Allen,* 442 U.S. 140, 147–49, 99 S.Ct. 2213, 2219–2220, 60 L.Ed.2d 777 (1979), does not control this case. In *Allen,* the New York courts decided petitioner's claim solely on the merits. Since the state courts eschewed grounding their denial of relief on an alleged procedural default, petitioner's substantive claim was properly before the court. Since Jones' failure to object was a substantial basis of the state appellate courts' holding in the present case, *Allen* is distinguishable. *Hockenbury v. Sowders* and *Engle v. Isaac* directly apply.

not establish "cause" under *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) because attorneys in numerous other cases had raised similar objections, the Court also indicated that not every astute or competent counsel would have recognized Isaac's constitutional claim. *Engle v. Isaac,* 102 S.Ct. at 1574. Hence the attorney's failure to object in this case is insufficient to establish ineffective assistance of counsel.

■ Petitioner raises two other claims, the first of which is that he was not convicted by a unanimous jury decision. While the State of Ohio has not presented an original certified copy of the verdict form, it has tendered a copy of the certified copy which bears twelve juror signatures. Since Jones has not challenged the authenticity of this copy, we reject his claim.

■ Secondly, Jones claims that he did not receive proper notice of the murder charge for which he was convicted. This claim is frivolous. The indictment charged aggravated murder, which Ohio defines as "purposely, and with prior calculation and design, caus[ing] the death of another." Ohio Rev.Code Anno. § 2903.01(A) (Page) (1982). Since Ohio defines "murder" as "purposely caus[ing] the death of another," Ohio Rev.Code Anno. § 2903.02(A) (Page) (1892), the indictment gave petitioner sufficient notice of the charge for which he was convicted.

The judgment of the district court is AFFIRMED.

NATHANIEL R. JONES, Circuit Judge, dissenting.

The majority concludes that *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), bars consideration of petitioner's claims because of the procedural default which occurred at trial when his counsel failed to object to the jury instruction with specificity. Because I construe the procedural posture of this case to be controlled by *County Court of Ulster County v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), rather than *Engle v. Isaac, supra,* I respectfully dissent.

During the trial proceedings below, petitioner's counsel failed to comply with Ohio's contemporaneous objection rule as set forth in *State v. Humphries,* 51 Ohio St.2d 95, 364 N.E.2d 1354 (1977), when he made a general objection to the jury charge rather than objecting with specificity as required by Ohio Rule of Criminal Procedure 30. Ordinarily, this procedural defect would preclude federal habeas corpus review. However, when the state appellate court does not construe the procedural error as barring review, then a federal court may entertain the merits of the claim.

In *County Court of Ulster County v. Allen,* 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979), the Supreme Court held that a federal district court had jurisdiction to entertain constitutional claims raised in a habeas corpus petition when the state appellate court did not construe a state procedural default as its basis for denying review of the claims. In that case, respondents appealed their convictions challenging the unconstitutionality of a New York Statute to the state appellate division which rejected their claim without explicitly articulating its reasons. The court reasoned that since the prosecution never argued that a state procedural default had occurred, it could conclude that the appellate court did not rely on such a procedural ground in rejecting respondent's constitutional claim. *Id.* at 152, 99 S.Ct. at 2222.

The court further reasoned that the purpose of the exception to federal habeas corpus jurisdiction is to accord appropriate respect to the sovereignty of the states and their procedural rules by the federal system. Upon concluding that the appellate court rejected respondent's claim on its merits, the court held that the federal courts could address the claim because "a federal court implies no disrespect for the state by entertaining [a] claim" which the state has addressed on the merits. *Id.* at 154, 99 S.Ct. at 2223. *Accord Martinez v. Harris,* 675 F.2d 51 (2d Cir.1982).

This Circuit has applied the holding of *Ulster County Court* to review a habeas

corpus petition which challenged jury instructions as a denial of due process in *Burton v. Bergman,* 649 F.2d 428 (6th Cir. 1981), *vacated and remanded on other grounds,* 456 U.S. 953, 102 S.Ct. 2026, 72 L.Ed.2d 478 (1982).[1] The court reasoned that the failure to object to the instructions at trial did not bar habeas relief reasoning that such a procedural default precludes federal review *only* "if the state court relies on the procedural default in affirming the conviction." 649 F.2d at 430 n. 1.

In the instant case, petitioner sought post-conviction relief pursuant to *Ohio Rev. Code* § 2953.21 before the 7th District Court of Appeals of Ohio. There petitioner alleged due process deprivation by the trial court's jury instruction which placed the burden of proving self-defense by a preponderance of the evidence upon the defendant. The court of appeals concluded that the failure of counsel to specifically object at trial constituted a waiver of any claims related thereto. *Ohio v. Jones,* No. 1279 (Ohio Ct.App.1978). Nonetheless, the appellate court addressed the merits of petitioner's claim and concluded that the jury instruction did not amount to a denial of a constitutional right and, accordingly, affirmed the conviction below.[2] *Id.* at p. 4. Since the state appellate court addressed the merits of petitioner's constitutional claim, the instant petition falls within the purview of *Ulster County Court, supra* and *Burton v. Bergman, supra,* rather than *Engle v. Isaac, supra,* where the procedural default was construed to bar state appellate review.

The majority relies upon *Hockenbury v. Sowders,* 620 F.2d 111 (6th Cir.1980), for the proposition that the petitioner's failure to comply with the contemporaneous objection rule was a substantial basis for the appel-late court's holding. *Hockenbury,* however, has been criticized as being in conflict with previously decided cases in this Circuit which have upheld habeas review of plain errors that are reviewable in state court. *See, e.g., Krzeminski v. Perini,* 614 F.2d 121 (6th Cir.1980); *Cook v. Bordenkircher,* 602 F.2d 117 (6th Cir.), *cert. denied,* 444 U.S. 936, 100 S.Ct. 286, 62 L.Ed.2d 196 (1979); *Rachel v. Bordenkircher,* 590 F.2d 200 (6th Cir.1978); *Berrier v. Egeler,* 583 F.2d 515 (6th Cir.), *cert. denied,* 439 U.S. 955, 99 S.Ct. 354, 58 L.Ed.2d 347 (1978). *See also Hockenbury v. Sowders,* 633 F.2d 443, 445–48 (6th Cir.1980) (Keith, J., dissenting from order denying rehearing en banc). The underlying rationale of these decisions is that considerations of comity are not disregarded when a federal court entertains a claim that the state addressed upon choosing to disregard the procedural defect. *County Court of Ulster County v. Allen,* 442 U.S. at 154, 99 S.Ct. at 2223; *Wainwright v. Sykes,* 433 U.S. at 84, 97 S.Ct. at 2505. These cases make clear that the "substantial basis" holding in *Hockenbury* requires a court to apply an untenable standard.

Furthermore, in the first appeal of the petitioner's conviction, the court made no mention of the procedural defect and decided the merits. *State v. Jones,* No. 1229 (Ohio Ct.App.1975). In the second appeal, for post-conviction relief, the appellate court had alternative bases for affirming the judgment of conviction: (1) petitioner was procedurally barred, (2) petitioner failed to establish that constitutional errors were committed during trial. *State v. Jones,* No. 1279 (Ohio Ct.App.1978). My review of the state record indicates that, in the second appeal, neither the procedural bar nor the merits of petitioner's argument

---

1. The Supreme Court granted respondent's petition for writ of certiorari but, vacated the judgment and remanded to the United States Court of Appeals for the Sixth Circuit for further consideration in light of *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). *Rose v. Lundy, supra,* addressed the question of whether a district court must dismiss a habeas petition which contains both exhausted and unexhausted claims, but it did not address the state procedural default issue discussed above.

2. The state appellate court's treatment of *Jones v. Jago* is distinguishable from *Engle v. Isaac, supra,* where the court of appeals rejected petitioner's claim because of his failure to comply with the contemporaneous objection rule. The appellate court did not consider the merits of Isaac's claim.

was a substantial basis for the court's denial of petitioner's claim. Moreover, if the *Hockenbury* standard is accurately applied, a court should examine both appeals and, upon so doing, would clearly conclude that a meritorious consideration was the substantial basis of the state appellate decisions.

Thus, I would reverse the denial of habeas relief, consistently with the above-discussed cases in this Circuit, and remand for consideration of the merits of petitioner's constitutional claims.