Donnie LONG, Petitioner-Appellant,

v.

David R. McKEEN, Respondent-Appellee.

No. 83–3160.

United States Court of Appeals,
Sixth Circuit.

Oct. 12, 1983.

Decided Nov. 16, 1983.

Certiorari Denied March 19, 1984.
See 104 S.Ct. 1608.

J. Dean Carro, Akron, Ohio, for petition-er-appellant.

Richard David Drake, Columbus, Ohio, for respondent-appellee.

Before ENGEL and MARTIN, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Petitioner, Donnie Long, challenges the denial of his petition for a writ of habeas corpus. Because he has failed to show adequate "cause" for his trial counsel's failure to object to the jury instructions given at trial, we affirm.

Long was indicted by a Summit County, Ohio Grand Jury on one count of aggravated murder, O.R.C. § 2903.01. A jury found him guilty of the lesser included offense of murder, O.R.C. § 2903.02. His conviction was upheld by the Ohio Court of Appeals and the Ohio Supreme Court, *State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804 (1978).

Long then sought federal habeas corpus review pursuant to 28 U.S.C. § 2254. The writ was granted based on the then-controlling decision of *Isaac v. Engle,* 646 F.2d 1122 (6th Cir.1980). Subsequently, this court, 703 F.2d 563, reversed the granting of the writ and remanded the case in light of *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). On remand the writ was denied and the case is now before us for a second time.

The facts of this case were summarized by the Ohio Supreme Court as follows:

At trial, the evidence was that during or around the last two weeks of August, 1975, Terrence C. Butler had been attacked by [Donnie Long] and that in the course of their brawl [Long] said to a bystander, "Give me a pistol because I'm going to kill this nigger." Butler testified that on the day that decedent, Jeffrie C. Boyd, was killed, Butler and Boyd went to a crap game at a pool hall and [Long] was there.

Butler stated that when he saw [Long] walk through a door, Butler and Boyd attempted to depart. [Long] pulled a gun from his pocket, aimed at Butler and began firing. Boyd and Butler dived through a doorway, at which point Boyd fell to the floor, blood pouring from his head. [Long] left the scene, having fired approximately six shots in a span of four seconds.

Butler admitted that at one juncture he had threatened [Long's] life, owned numerous guns and at one time before Boyd's killing had stalked [Long] with a shotgun. [Long] testified that the killing occurred while he was defending himself. His evidence of self-defense was his own testimony that he had not seen either Butler or Boyd in the pool hall on the day of the killing until the incident at issue. He testified that Butler and Boyd stepped to opposite sides of the room, the latter attempting to hide a bottle behind his back. According to [Long], Butler and Boyd then closed in upon him and Boyd raised the bottle when he was two feet away. [Long] stated that Butler reached for his pocket and that [Long] then drew his own gun, intending to fire into the air. [Long] testified that when he fled the pool hall, he feared pursuit by Butler and Boyd.

At trial, testimony was taken from officer Ronald A. Perella, of the Akron Police Department. Officer Perella testified that he had arrived at the scene of the Boyd shooting to protect it, to prevent persons inside the pool hall from leaving and to keep persons outside the pool room from entering; he testified that he saw no loose bottles lying on the floor in the area where people had been about.

53 Ohio St.2d at 91–92, 372 N.E.2d 804. The trial judge instructed the jury that the defendant had the burden of proving self-defense by a preponderance of the evidence. No objection was made at the time to this instruction. On appeal, the Ohio Supreme Court found that although the jury instructions were erroneous under *State v. Robinson,* 47 Ohio St.2d 103, 351 N.E.2d 88 (1976), the defendant's failure to comply with Ohio Contemporaneous Objection Rule constituted a waiver of any claim of error, unless, "but for the error, the outcome of the trial clearly would have been otherwise." *Long,* 53 Ohio St.2d at 97, 372 N.E.2d 804.

Here Long contends that he was denied due process of law under the fourteenth amendment because he was required to prove self-defense by a preponderance of

the evidence. He asserts that trial counsel's failure to object to these instructions was due to incompetence, and therefore provides adequate "cause" under the test of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), to merit reversal. We disagree.

■ It is well established that a criminal defendant's failure to adhere to state procedural rules when raising federal constitutional claims bars federal habeas corpus review of those same claims, absent a showing of "cause" and "prejudice." *Sykes; see Engle,* 456 U.S. at 129, 102 S.Ct. at 1572; *Carter v. Jago,* 637 F.2d 449, 454 (6th Cir. 1980), *cert. denied,* 456 U.S. 980, 102 S.Ct. 2249, 72 L.Ed.2d 856 (1982). Ohio Criminal Rule 30 provides: "A party may not assign as error the giving or the failure to give any instructions unless he objects thereto before the jury retires to consider its verdict, stating specifically the matter to which he objects and the grounds of his objection." Under Ohio law, a failure to comply with Crim.R. 30 constitutes a waiver of any claim of error, except where necessary to prevent a clear miscarriage of justice. *State v. Humphries,* 51 Ohio St.2d 95, 364 N.E.2d 1354 (1977); *State v. Williams,* 51 Ohio St.2d 112, 364 N.E.2d 1364, *vacated in part and remanded,* 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1156 (1978). Hence, Long's due process challenge is barred unless cause and prejudice can be shown.

Here, Long argues adequate "cause" is present based upon his trial counsel's incompetence, because there was no "tactical advantage to be gained" by not objecting to the jury instructions. We disagree. In *Nieb v. Jago,* 695 F.2d 228 (6th Cir.1982), and *Henderson v. Jago,* 681 F.2d 471 (6th Cir.1982), this court rejected similar claims of state habeas petitioners. For example, the *Henderson* court found the defendant's claim that his trial counsel was "apparently not familiar with the law as it relates to affirmative defenses" insufficient to establish cause for failure to comply with Ohio's Contemporaneous Objection Rule. The *Henderson* court noted that this argument

was "merely a restatement of the reasons" rejected by the Supreme Court in *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982), as insufficient to establish cause.

We do not suggest that every astute counsel would have relied upon [*In Re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970),] to assert the unconstitutionality of a rule saddling criminal defendants with the burden of proving an affirmative defense. Every trial presents a myriad of possible claims. Counsel might have overlooked or chosen to omit respondents' due process argument while pursuing other avenues of defense. We have long recognized, however, that the Constitution guarantees criminal defendants only a fair trial and a competent attorney. *It does not insure that defense counsel will recognize and raise every conceivable constitutional claim.* Where the basis of a constitutional claim is available, and other defense counsel have perceived and litigated that claim, the demands of comity and finality counsel against labeling alleged unawareness of the objection as cause for a procedural default.

*Engle,* 456 U.S. at 133–134, 102 S.Ct. at 1574–1575 (emphasis added; footnotes omitted).

More recently, in *Jones v. Jago,* 701 F.2d 45 (6th Cir.1983), this court held that a habeas petitioner, under procedural circumstances almost identical to this case, was not denied effective assistance of counsel under the test of *Beasley v. United States,* 491 F.2d 687 (6th Cir.1974), even though trial counsel had failed to object to similar jury instructions concerning self-defense. In *Jones* the court noted that an opposite result would circumvent the *Engle* ruling "because every case like it would become an ineffective assistance of counsel case." 701 F.2d at 47. *See also Thomas v. Arn,* 704 F.2d 865 (6th Cir.1983). (Defendant has no constitutional right to a jury instruction placing the burden of disproving self-defense on the state).

Long attempts to distinguish his case from *Engle, Carter, Henderson, Lieb,* and *Thomas* by arguing that his trial counsel, "while aware of the objection, failed to raise it due to incompetence; because his counsel had no rational basis for not objecting." Our reading of *Engle,* however, requires that we reject this contention. *Engle* specifically noted that the Constitution guarantees only a fair trial and competent attorney. It does not mandate that trial counsel will "recognize and raise" every conceivable constitutional claim. *Engle,* 456 U.S. at 134, 102 S.Ct. at 1574. This is true whether the failure to raise the constitutional claim is based upon ignorance of the law or a mistake in judgment, including, as alleged here, an irrational belief that raising a particular claim would confuse a jury. Furthermore, to the extent that counsel's failure to object can be characterized as a tactical decision in order to avoid confusing the jury, it is clear that such a decision is not cognizable in a federal habeas corpus proceeding.. *Comer v. Parratt,* 674 F.2d 734, 737 (8th Cir.1982); *Garrison v. McCarthy,* 653 F.2d 374, 378 (9th Cir.1981). Finally, a review of the record in this case shows no indication that trial counsel did not act in a manner "reasonably likely to render and rendering reasonably effective assistance" of counsel. *Fornash v. Marshall,* 686 F.2d 1179, 1187 (6th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1439, 75 L.Ed.2d 796, quoting *Beasley v. United States, supra. See Runnels v. Hess,* 653 F.2d 1359, 1364 (10th Cir.1981). "Proof of cause for noncompliance is essential; mere speculation that it existed is not enough."

Because we conclude that petitioner has not shown adequate cause to satisfy the first prong of the *Sykes* test, we need not resolve the issue of prejudice. We do note, however, that this court has previously found that Ohio's challenged instructions, taken as a whole, do not violate due process. *Nieb v. Jago,* 695 F.2d 228, 229 (6th Cir. 1982); *Carter v. Jago,* 637 F.2d 449, 457 (6th Cir.1980).

Accordingly, the judgment of the district court is affirmed.