774 F.2d 1164
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Andrew E. Wallace, Petitioner-Appellant,
v.
Arthur Tate, Respondent-Appellee.
 No. 84-3385
 United States Court of Appeals, Sixth Circuit.
 9/30/85
 
 PER CURIAM.
 
 
 1
 Andrew E. Wallace appeals from a district court dismissal of his petition for a writ of habeas corpus pursuant to 28 U.S.C Sec. 2254.
 
 
 2
 Wallace is currently serving a life term at the state of Ohio's Chillicothe Correctional Institution. In the summer of 1974 he was convicted of first degree murder under Ohio Revised Code (ORC) Sec. 2901.01.[1] Twice Wallace was tried for murder and the jury was unable to agree on a verdict. The same attorney (Jack Rubenstein) represented Wallace at these trials and at the third resulting in this conviction.
 
 
 3
 Wallace offered three assignments of error[2] in respect to his timely appeal. The County Court of Appeals confirmed the conviction and the Ohio Supreme Court dismissed Wallace's motion for leave to appeal.
 
 
 4
 Wallace then pursued his state remedies for post-conviction relief. The County Court of Common Pleas denied his petition for relief after an evidentiary hearing in the fall of 1976. The Ohio Supreme Court dismissed his appeal motion on December 1, 1978. Wallace asserted ineffective assistance of counsel on three grounds: 1) failure to move for suppression of testimony by police officers at third trial inconsistent with that given at first trial; 2) failure to call co-indictee David Keys who was tried separately and testified in the first trial; and 3) failure to object to jury instructions that impermissibly shifted the burden of proof to him on the question of self-defense.
 
 
 5
 In June 1983 Wallace filed the instant federal habeas corpus petition in the United States District Court for the Southern District of Ohio. On October 5, 1983, District Judge Joseph P. Kinneary denied Wallace's habeas petition. Wallace asserted ineffective assistance of counsel on two of the grounds mentioned for state post-conviction relief--1) failure to call Keys and 2) failure to object against self-defense instruction putting burden of proof on defendant. As a third ground for relief, Wallace asserted that the indictment returned against him was invalid. Wallace has appealed the district court's rejection of all three asserted grounds of relief.
 
 
 6
 I. INEFFECTIVE ASSISTANCE IN RESPECT TO CALLING KEYS AS A
 
 WITNESS AT THE THIRD TRIAL
 
 7
 David Keys was called by the state at the first trial. He testified that he, Wallace, and Rodney Crawford (who was tried with Wallace) went to the victim's apartment to 'sell some clothes.' According to Keys, an 'altercation' with the victim ultimately ensued. Keys saw a struggle beginning between Wallace and the victim. Keys then admitted that he (keys) fired three times in self-defense. Mr. Keys stated: 'I really don't know' when asked if Wallace had a gun.
 
 
 8
 During Keys' testimony, the state tried to have him declared a hostile witness. The state attorney tried to impeach Keys with testimony that he apparently gave in his own trial. But the trial court refused to let the jury consider this supposed testimony. Keys was convicted on a lesser manslaughter charge before Wallace's trial. It is unclear whether Keys testified in the second trial after the first hung jury.
 
 
 9
 Under Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984), the habeas petitioner must prove that an error of counsel was 1) 'so serious that counsel was not functioning' according to a constitutionally-guaranteed standard of minimal competence, and 2) that the error significantly 'prejudiced the defense.' Thus the question before us is whether the defense counsel's decision not to call Keys reflected a competent legal strategy that did not significantly prejudice Wallace's defense.
 
 
 10
 At the evidentiary hearing on this issue, Wallace's former defense counsel indicated his view that Keys' testimony could give rise to an 'inference' regarding Wallace's possession of a gun.[3] On its face, Keys' testimony would not appear to contribute to this inference. But the defense counsel could have been legitimately concerned about the credibility of Keys' testimony and the possibility of impeachment based on testimony at his own trial. Keys' testimony also provided no perspective on the facts significantly different from that provided from Wallace's own testimony. Moreover, at the third trial new testimony from Wallace's former mother-in-law added crucial support to the state's case. She testified about Keys' receiving a gun before going to the victim's apartment. Under these circumstances we cannot hold that the failure of Wallace's counsel to call Keys at the third trial was so erroneous as to satisfy the two-prong Strickland test.
 
 
 11
 II. INEFFECTIVE ASSISTANCE IN NOT OBJECTING TO A JURY
 
 INSTRUCTION
 
 12
 We have already faced this question in another case arising out of Ohio in the same procedural posture. See Jones v. Jago, 701 F.2d 45 (6th Cir. 1983), cert. denied, 104 S. Ct. 274 (1984). In Jones as well as the instant case the defendants were tried and convicted after a change in Ohio statutory law on self-defense. See 701 F.2d 46. The effect of the statutory change, however, was not clear until the Ohio Supreme Court ruled that the self-defense burden now rested on the prosecution. See State v. Robinson, 47 Ohio St. 103, 351 N.E.2d 88 (1976). The conviction here and in Jago occurred before Robinson. The essential issue in both was whether trial counsel rendered ineffective assistance in failing to object to the old self-defense instruction in the interim period before Robinson.
 
 
 13
 In Jones this court held that the trial counsel did not render ineffective assistance. 701 F.2d at 47. Clearly realizing the weight of precedent against him, the petitioner here asks that his claim be equitably interpreted as also claiming that the old self-defense instruction deprived him of his due process right to a fair trial. Yet, even if this court followed petitioner's request, see Jago, supra, 701 F.2d at 47, his case runs into other fatal roadblocks. In Carter v. Jago, 637 F.2d 449 (1980), cert. denied, 456 U.S. 980 (1982), this court held that a state's explicit statutory decision to place the self-defense burden on the accused does not violate due process guarantees. This court reaffirmed the Carter holding in Jones, supra, 701 F.2d at 47. We cannot distinguish this issue from the Carter and Jones decisions.
 
 
 14
 The record reflects, moreover, that the petitioner failed to present, and the state Court of Appeals failed to consider, the due process nature of the argument here. In the case of such a procedural default by the petitioner, he must pass the stringent requirements of proving 'cause and prejudice' under Wainwright v. Sykes, 433 U.S. 72 (1977), before we can consider the merits of the claim. Appellant cannot succeed in this respect, because his case essentially represents a reprise of Engle v. Isaac, 456 U.S. 107 (1982), in which the Supreme Court held that there was no sufficient 'cause and prejudice' proof.
 
 III. INVALIDITY OF STATE INDICTMENT
 
 15
 As the district court pointed out, petitioner has simply failed to allege any federal constitutional violation here. A state court defendant has no constitutional right to be charged by indictment. Hutardo v. California, 110 U.S. 516, 537-38 (1884); Watson v. Jago, 558 F.2d 330, 337 (6th Cir. 1977). This issue is solely a matter of state law. Hanovich v. Sacks, 290 F.2d 798, 799 (6th Cir. 1961). The federal courts are without jurisdiction to hear the claim.
 
 
 16
 For the reasons indicated, we AFFIRM the district court's decision denying the petition.
 
 
 
 *
 Judge Phillips participated in the arguments but died (on August 2, 1985) before the decision was reached
 
 
 [1]
 Ohio has abolished the strict felony-murder rule. Judicial interpretation of the aggravated murder statute, O.H.R. Sec. 2903.01, requires all killings during a felony to be 'purposeful' on the part of the accused. See Committee Comment to O.H.R. Sec. 2903.01; State v. Farmer, 156 Ohio St.2d 214, 102 N.E.2d 11 (1951)
 
 
 [2]
 These assigned errors were: 1) improper admission of hearsay about victim's supposed statement as dying declaration; 2) improper admission of witness testimony regarding the type of weapon that she heard fired; and 3) trial court's abuse of discretion in refusing to read testimony of several witnesses to jury
 
 
 [3]
 The defense counsel also states that the defendant never reguested Keys' testimony at the third trial. Wallace disputes his former defense counsel on this point. Regardless of the facts here, however, the question remains whether the decision not to call Keys rose to the degree of error required by Strickland