**Ervin E. BELL, Petitioner,**

v.

**David SMITH, Respondent.**

No. Civ.A. 99–40462–FL.

United States District Court,
E.D. Michigan,
Southern Division.

Sept. 27, 2000.

Ervin Bell, Detroit, MI, pro se.

William C. Campbell, Michigan Dept. of Atty. General Habeas Corpus Div., Lansing, MI, for Respondent.

### OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

GADOLA, District Judge.

Petitioner Ervin Bell, a state prisoner presently confined at the Ryan Correctional Facility in Detroit, Michigan, has filed a *pro se* application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of second-degree murder, felony firearm, and resisting and obstructing a police officer following a jury trial in the Kalamazoo County Circuit Court in 1997. Petitioner was sentenced as a third habitual offender to 40–60 years imprisonment on the murder conviction, a consecutive term of two years imprisonment on the weapon conviction, and a concurrent term of two to four years imprisonment on the resisting and obstructing conviction. For the reasons stated below, Petitioner's request for habeas relief is denied and his application for writ of habeas corpus is dismissed.

### I. *Facts and Procedural History*

Petitioner's convictions arise from the shooting death of Ladell Moore in Kalamazoo, Michigan on August 9, 1996. Several

witnesses at trial testified that Petitioner hit the victim with the barrel of a gun, then pointed the gun at the victim's head and shot him.

Following his convictions and sentencing, Petitioner filed an appeal as of right with the Michigan Court of Appeals, asserting the following claims:

I. The evidence presented by the prosecution was insufficient to sustain the jury's verdict that he was guilty of second-degree murder.

II. The trial court erred when it failed to instruct the jury on the defense of accident.

III. His 40–60 year sentence violates the doctrine of proportionality.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences in an unpublished opinion. *People v. Bell,* No. 204294 (Dec. 4, 1998). Petitioner attempted to seek leave to appeal with the Michigan Supreme Court, but his pleadings were rejected as untimely because they were not filed within the 56–day period established by Michigan Court Rule 7.302(C)(3).[1] *See* Habeas Petition, p. 3; Jacqueline B. MacKinnon Letter dated Feb. 5, 1999; Corbin R. Davis Affidavit dated March 20, 2000.

Petitioner filed the instant application for writ of habeas corpus on December 10, 1999 asserting the same claims presented to the Michigan Court of Appeals on direct review. Respondent filed an answer to the habeas application on July 28, 2000, asserting that it should be dismissed based upon procedural default.

## II. *Standard of Review*

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214 (April 24, 1996), govern this case because Petitioner filed this habeas petition after the AEDPA's effective date. *See Lindh v. Murphy,* 521 U.S. 320, 336,

117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The AEDPA provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (1996).

In *Williams v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), the United States Supreme Court undertook a detailed analysis of the correct standard of review under the AEDPA. According to the Supreme Court:

Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied—the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal law, as determined the by Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable

---

1. Michigan Court Rule 7.302(C)(3) allows a defendant to file a delayed application for leave to appeal with the Supreme Court with an affidavit explaining the delay, but states

that "a delayed application may not be filed more than 56 days after the Court of Appeals decision."

facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 1523 (O'Connor, J., delivering the opinion of the Court on this issue).

■ In evaluating a state court decision under the "unreasonable application" clause, the Supreme Court further stated that a federal habeas court "should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1522. "Under § 2254(d)(1)'s 'unreasonable application' clause, then, a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.*

■ The Supreme Court also clarified that the phrase "clearly established Federal law, as determined by the Supreme Court of the United States," refers only to "the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." *Id.* at 1523. In determining what constitutes clearly established federal law, therefore, a federal habeas court is restricted to pertinent United States Supreme Court precedent.

■ Lastly, § 2254(e)(1) requires that this Court presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and convincing evidence. *Warren v. Smith,* 161 F.3d 358, 360–61 (6th Cir.1998), *cert. denied* — U.S. ——, 119 S.Ct. 2403, 144 L.Ed.2d 802 (1999).

### III. *Analysis*

Respondent contends that Petitioner's claims are barred by the doctrine of procedural default because Petitioner failed to timely appeal the Michigan Court of Appeals' December 4, 1998 decision to the Michigan Supreme Court.

■ A state prisoner's habeas corpus claims are procedurally defaulted if the prisoner has failed to comply with an independent and adequate state procedural rule, thus causing default of the prisoner's federal claims in state court. *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). This can occur when an individual fails to present an issue to a state appellate court upon the only opportunity to do so. *Teague v. Lane,* 489 U.S. 288, 297–98, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir.1994). In *Coleman,* the Supreme Court held that if the decision of the last state court to which a habeas petitioner presented his federal claims fairly appeared to rest primarily on federal law, or to be interwoven with federal law, and did not clearly and expressly rely on an independent and adequate state ground, a federal court may address the petition. *Id.* at 735, 111 S.Ct. 2546. The Court went on to note:

> This rule does not apply if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred. In such a case there is a procedural default for purposes of federal habeas regardless of the decision of the last state court to which the petitioner actually presented his claims. [citation omitted]

*Id.* at 735 n. 1, 111 S.Ct. 2546.

The record demonstrates that Petitioner did not timely seek review of his habeas claims on direct appeal to the Michigan Supreme Court. The Michigan Supreme Court rejected his delayed application for leave to appeal because Petitioner submitted the application beyond the 56–day time period for seeking such review under Michigan Court Rule 7.302(C)(3). Thus, Petitioner has procedurally defaulted his habeas claims.

When a petitioner has procedurally defaulted a claim by failing to raise it on direct appeal, the claim may be raised on habeas review only if the petitioner can first demonstrate either "cause" and "actual prejudice," *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), or show that he is "actually innocent," *Id.* at 496, 106 S.Ct. 2639; *Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986). The cause and prejudice test should be applied to all occasions where a procedural default bars state litigation of a constitutional claim. *Coleman*, 501 U.S. at 750, 111 S.Ct. 2546.

To establish cause, a petitioner must establish that some external impediment frustrated his ability to comply with the state's procedural rule. *Murray*, 477 U.S. at 488, 106 S.Ct. 2639. A petitioner must present a substantial reason to excuse the default. *Amadeo v. Zant*, 486 U.S. 214, 223, 108 S.Ct. 1771, 100 L.Ed.2d 249 (1988); *Rust*, 17 F.3d at 161. In this case, Petitioner neither alleges nor establishes cause to excuse his failure to timely seek leave to appeal his convictions and sentences to the Michigan Supreme Court. This Court need not address the issue of prejudice when a petitioner fails to establish cause to excuse a procedural default. *See, e.g., Smith v. Murray*, 477 U.S. 527, 533, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986); *Long v. McKeen*, 722 F.2d 286, 289 (6th Cir.1983). Petitioner's claim is thus barred by procedural default.

As noted, when a petitioner has defaulted his state remedies and has not demonstrated cause and prejudice, a federal court may entertain the habeas petition only if the petitioner makes a showing of actual innocence. *Murray*, 477 U.S. at 496, 106 S.Ct. 2639; *see also Bousley v. United States*, 523 U.S. 614, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998) (to establish actual innocence, meaning "factual innocence, not merely legal insufficiency," a habeas petitioner must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him"). Petitioner has made no such showing in the case at hand. His habeas claims are thus barred by the doctrine of procedural default.

### IV. *Conclusion*

For the reasons stated, the Court concludes that Petitioner's claims are barred by procedural default and that he is not entitled to federal habeas relief on the claims presented.

Accordingly,

**IT IS ORDERED** that Petitioner's request for habeas relief is **DENIED** and his application for writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

### *JUDGMENT*

The above-entitled matter having come before the Court on a Petition for a Writ of Habeas Corpus, Honorable Paul V. Gadola, United States District Judge, presiding, and in accordance with the Opinion and Order entered on Sept. 27th, 2000;

**IT IS ORDERED AND ADJUDGED** that the request for habeas relief is **DENIED** Petition for Writ of Habeas Corpus is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**